BETTY SILVERMAN, Plaintiff, *v.* JOSEPH SILVERMAN, Defendant.

Supreme Court, Special Term, Kings County, February 17, 1947.

*Solomon Rothfeld* for plaintiff.

*Charles Rothaus* for defendant.

NORTON, J. The plaintiff herein moved this court by notices of motion returnable on the 17th day of December, 1946, (1) for a modification of a decree of separation entered hereon on the 1st of November, 1940, and (2) for leave to enter a money judgment for accumulated alimony unpaid under the provisions of said judgment. Upon the return date of these motions the defendant appeared personally in court and was given an opportunity to be heard in opposition to both motions. No papers, however, were submitted by the defendant or in his behalf in opposition to either motion. Both motions were granted. The defendant now moves by attorney for a reargument of the motions and requests the court to deny both applications for the reason that these proceedings were instituted by a notice of motion rather than by order to show cause. The motion for reargument is granted.

It is contended by the defendant that the failure to proceed by order to show cause is jurisdictional. An order to show cause is but a notice of motion used in lieu of such notice under special circumstances. The object of the notice is to fairly apprise the adverse party of the basis of the motion or application. " Often it is necessary because of shortness of time or because a stay is needed, or for some other sufficient reason to obtain an *ex parte* order requiring the adverse party to show cause why the relief sought should not be granted. Such an order should contain every essential that a notice of motion should contain under the rules, and may, in addition contain a stay or other temporary remedy besides *providing for the time and manner of its service.*" (3 Wait on New York Practice [4th ed.], p. 651. - Italics mine.)

Section 1170 of the Civil Practice Act authorizes this court to annul, vary and modify a final judgment in an action for divorce or separation and provides that " The court, by order, upon the application of either party to the action * * *, after due notice to the other, to be given in such manner as the court shall prescribe * * * " may grant such relief. Section 1171-b provides for the entry of judgment for any

arrears of alimony provided to be paid pursuant to a judgment or order in an action for divorce, separation, annulment or declaration of nullity of a void marriage, and also provides that " The application for such order shall be upon such notice to the husband as the court may direct." In the instant case, personal service of the notices of motion was made upon defendant who appeared in answer to such notice. There is no higher form of notice to a party to an action than personal service. While in both of the above sections there is reference to the obtaining of an order in applications of this kind, I am of the opinion that those provisions were enacted for the purpose of giving a party to such actions an opportunity of obtaining jurisdiction over the other party by service other than personal service where personal service could not be obtained. This is indicated by the fact that in both sections of the Civil Practice Act above referred to it is provided that service of notice shall be in such manner as the court may prescribe or direct. A direction of the court as to the manner of service is unnecessary where personal service may be effected. The purpose of authorizing a substitute for personal service is to prescribe the next best means, other than personal service, to notify the other party to the action or application that certain relief is sought by the moving party against the other party to such action or proceeding. The defendant in this action appeared and answered the notice of motion, but even if there was a default in appearance where personal service of a notice of motion in cases of this character has been made and proof of such service is presented to the court, the court obtains jurisdiction of the person of that party and may entertain and dispose of the application without the issuance of an order to show cause.

The decisions heretofore made will be adhered to.