In the Matter of BARNETT L. BECKER, Petitioner, against JAMES M. POWER et al., as Commissioners of Elections, Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, August 31, 1954.

*Gordon I. Novod* and *Harold I. Panken* for petitioner.

*Adrian P. Burke, Corporation Counsel (Thomas W. A. Crowe* of counsel), for James M. Power and others, constituting the Board of Elections, respondents.

*Gabriel I. Levy* and *Daniel M. Kelly,* in person, for Daniel M. Kelly, respondent appearing specially.

*Arthur Braun* and *Leon Braun* for Harry Uviller and others, as Committee to Fill Vacancies of Liberal Party, respondents.

MATTHEW M. LEVY, J. (Dictated on the record.) I am of the view that the special appearance interposed by the respondent Kelly should be sustained.

The petition annexed to the order to show cause is not verified as mandated by the statute. Section 335 of the Election Law requires that a special proceeding such as this be heard " upon a verified petition ", and other proof. This proceeding is a summary statutory one, and a " verified petition " is a jurisdictional condition precedent. By " verified petition " is meant a petition duly verified by a person who is entitled under the law to be a petitioner in the proceeding.

It is not disputed that Gordon I. Novod is not entitled under the law to be a petitioner here. The paper annexed to the order to show cause and the order itself, are entitled as follows: " In the Matter of the Application of Barnett L. Becker, an enrolled member of the Liberal Party of the 7th Assembly District, New York County, Petitioner ". Thus the title of the proceeding makes Becker the petitioner, and he was the objector before the board of elections. The petition, however, in part reads as follows: " To the Supreme Court of the State of New York: The petition of Gordon I. Novod, Esq., respectfully alleges: * * * Wherefore your petitioner respectfully requests " certain relief. It is not subscribed in the name of Becker or signed by him, but it is signed by " Gordon I. Novod, Petitioner ". The verification of the petition is in the name of " Gordon I. Novod, Petitioner ", and it is he who is the person sworn and who signed his verification as the petitioner, and in the verification he stated that he was signing and swearing to the petition as " the Petitioner herein ".

It appears from an allegation in the petition that Novod " your Petitioner is the attorney for the Objector, Barnett L. Becker ", and that Novod " as such is fully familiar with all the facts and circumstances herein ". That does not in my opinion cure the matter. Novod did not verify the petition as an attorney for the party (Rules Civ. Prac., rule 99, subd. 3), stating, as required, " the reason why it [the verification] is not made by the party " (Rules Civ. Prac., rule 100), but as if he were the party himself — and, since he is neither an aggrieved candidate nor an enrollee objector (Election Law, § 330, subd. 1),

he had no standing to institute proceedings. Moreover, it appears from an examination of the moving papers that Novod states merely that he is the attorney for Becker, the objector. Nowhere is it alleged that Novod appears or was authorized to appear for Becker, *qua* petitioner, in this proceeding in this court, as distinguished from Becker as the objector before the board of elections.

Settle order on twenty-four hours' notice accordingly.