Colden, J.
This is a proceeding, pursuant to article 14 of the Election Law, for the recanvass of the result of the annual election of a commissioner of the Fishers Island Ferry District, a subdivision of the Town of Southold, held on August 9, 1955. The respondents, constituting the board of inspectors of election of said Fishers Island Ferry District, who are also the commissioners thereof, as well as the candidate who was declared elected at such election, appear specially and move to set aside the service of the notice of motion, petition and affidavit by which the proceeding was instituted, upon the ground that the service thereof was wholly defective, and that none of the respondents were thereby made persons subject to the jurisdiction of the court. (Civ. Prac. Act, § 237-a.)
' The respondent, Town Board of the Town of Southold, County of Suffolk, appearing by its own attorney, has submitted a brief and an affidavit by its supervisor, wherein it seeks the dismissal of the petition against it on the grounds that the proceeding was not properly instituted, and, therefore, the court did not obtain jurisdiction thereof and of the parties, and that in any event, the town board was not a proper party to the proceeding. This latter motion is denied on the ground that the said respondent neither made a separate motion for such relief nor joined in that made by the other respondents who appeared by a separate attorney. An annual meeting for the election of a commissioner of the Fishers Island Ferry District for a term of five years, to succeed the respondent, Rowland Oswald, was held on August 9, 1955. His was the only name which appeared on the ballot. That of the petitioner was written in by the qualified electors. At the conclusion of the election, the polls were closed, the ballots canvassed and the following result announced:
“ Petitioner, Lewis 0. Lamb.................. 70
Respondent, Rowland Oswald.............. 86
Write-in-Candidate, Mehal Kntoss.......... 1
Rejected as void........................... 43 ”.
Claiming that the great majority of the rejected, disallowed or void ballots were ballots cast for petitioner, and upon which *401 minor inaccuracies appeared in the spelling of his name, and that had such ballots been counted, he would have been victorious, petitioner verified the petition in this proceeding on August 18, 1955, supported by an affidavit sworn to the same day by one Harold J. Baker, a resident of Fishers Island since 1921 and acquainted with petitioner for over twenty-five years. Copies thereof together with a notice of motion were, on August 26, 1955, personally served upon the successful candidate and upon the chairman of the board of inspectors of election of the Fishers Island Ferry District.
It is the position of the respondents, however, that this court did not by such service acquire jurisdiction either of their persons or of the subject matter of this proceeding. They urge that section 335 of the Election Law makes it mandatory for a special proceeding such as this to be commenced ‘ ‘ upon such notice to such officers, persons or committees as the court, justice or judge shall direct ”. (Emphasis supplied.) In other words, the power of this court to decide this proceeding was dependent upon the obtaining of an order to show cause, by which directions could be made as to the notice itself and the officers, persons or committees to whom it was to be given.
A special proceeding is instituted by the service of a verified petition and a notice of motion or order to show cause. (Matter of Kaplan v. Meisser, 196 Misc. 6; Matter of Brown v. City of New York, 198 Misc. 147.) The delivery to or actual service “ of the instrument of notice not later than on the last day on which the proceeding may be commenced ” is the indispensable requirement of the statute. (Matter of King v. Cohen, 293 N. Y. 435, 439; Matter of Constantino, 286 N. Y. 681.) An order to show cause directing what notice should be given does not itself operate to institute the proceeding. (Matter of Tombini, 177 Misc. 148,149, affd. 262 App. Div. 956.) Service and receipt of the process must be completed on or before the last day, notwithstanding a contrary authorization in the order to show cause by which the proceeding has been initiated. (Matter of Rager v. Heffernan, 300 N. Y. 451.)
It is clear from the foregoing that the provision in section 335 of the Election Law for notice in accordance with the direction of the court is not mandatory. That provision is intended to give a petitioner in a proceeding such as this an opportunity to obtain jurisdiction by timely service upon all indispensable parties, other than by personal service where personal service could not be obtained. (Cf. Silverman v. Silverman, 189 Misc. *402 227.) Since copies of the notice of motion and verified petition were delivered to and personally served upon the successful candidate and the chairman of the hoard of inspectors of election of Fishers Island Ferry District on August 26, 1955, or within the twenty days of the election, fixed by subdivision 4 of section 330 of the Election Law for the commencement of a proceeding such as this, jurisdiction of the subject matter thereof was obtained by this court.
By the same token, this court obtained jurisdiction of the persons of the respondents thus served. A direction of the court as to the manner of service and the persons upon whom service must be made is unnecessary where, as here, personal service has been effected upon all parties indispensable to the proceeding. (Cf. Silverman v. Silverman, supra.) To hold otherwise would give to an order to show cause, which merely prescribes what notice should be given and the persons who are to be served therewith, greater sanctity than is accorded to the process, the service of which operates to institute the proceeding. (Cf. Matter of Tombini, supra, and Doyle v. Doyle, N. Y. L. J., Sept. 14, 1955, p. 11, col. 3.) In addition, the moving respondents in the joint affidavit of the successful rival candidate and the chairman of the board of inspectors of election of the district joined issue on the merits, with respect to the grievance complained of in the petition, and thus waived any objection to the jurisdiction over their persons, by petitioner’s failure to initiate the proceeding by an order to show cause. (Henderson v. Henderson, 247 N. Y. 428; Ratkowsky v. Ratkowsky, 272 App. Div. 775; Legler v. Legler, 244 App. Div. 55; Dorfman v. Hassett, 187 Misc. 1048; Newtown Jackson Co. v. Barclays Bank, 133 N. Y. S. 2d 726, 729; Star v. Star, 127 N. Y. S. 2d 481.)
Accordingly the respondents’ motion is denied with leave to serve their answer within five days of the service of a copy of the order to be entered hereon with notice of entry. Thereupon, the matter will be placed upon the calendar for disposition by the Justice presiding in the Supreme Court, Special Term, in Riverhead, New York.
Submit order.