Bernard S. Meyer, J.
Plaintiff wife moves by notice of motion for an order directing the entry of judgment for arrears of alimony. (See 21 Misc 2d 908.) The notice of motion was served on the attorneys of record for defendant- husband. Defendant husband appears specially and cross-moves for an order setting aside service of the notice of motion on the ground that plaintiff must proceed by order to show cause. Section 1171-b of the Civil Practice Act provides that ‘‘ The application for such order shall be upon such notice to the husband or other person as the court may direct.”
The section contemplates that the court shall determine the method of service and the person upon whom service of the application is to be made. Such service must be upon one through whom it is likely that the defendant will obtain adequate notice (Patillo v. Patillo, 12 Misc 2d 645, 650). Service of a notice of motion by mail upon a defendant out of the State has been held insufficient (Fishbach v. Fishbach, 4 Misc 2d 760), but proceeding by notice of motion has been held sufficient to give the court jurisdiction under section 1171-b if the notice of motion is served on the defendant personally (Silverman v. Silverman, 189 Misc. 227). However, the basis of the Silverman decision was that the court could not have ordered a more adequate form of notice than personal service. It follows that that the proceeding should have been begun by an order to show *564 cause and that the cross motion must be granted and the motion denied. The foregoing determination is, however, without prejudice to renewal by means of an order to show cause. Short-form order signed.