Mario Pittoni, J.
Three motions: (1) for a money judgment for arrears in alimony, (2) cross motion by the defendant for an accounting by the plaintiff as a receiver in sequestration, and (3) by the plaintiff as receiver for permission to proceed with the sale of premises located at 26 Lucille Drive, Syosset, New York.
The defendant is in arrears in the payment of alimony directed by a judgment of separation dated July 15, 1959 (21 Misc 2d 908, 21 Misc 2d 563). The plaintiff may apply for a *131 money judgment even though she is the receiver in sequestration, for as provided in section 1171-b of the Civil Practice Act, “ The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law ” (italics supplied). The judgment provides for the payment of $65 a week alimony as long as the wife resides at 26 Lucille Drive, Syosset, with $25 additional to be paid each week on an award of temporary alimony of $2,470 covering the period from October 30, 1958 to July 15, 1959. Counsel fees of $2,500 were also provided. Plaintiff admits withdrawing from sequestered funds for alimony the sum of $1,840 to January 29, 1960, and for counsel fees $1,250. Twenty-eight weekly payments of alimony should have been paid from the date of the judgment July 15, 1959 to the date of the order to show cause January 29, 1960. The total sum for alimony and counsel fees which should have been paid is $5,020. Subtracting therefrom the $3,090 admittedly withdrawn from the sequestered funds, a judgment may be entered for $1,930.
As to the defendant’s cross motion for an 'accounting by the receiver, the court will deny the relief requested at this time. The defendant has failed to comply with the orders of this court. 1 ‘ Where one who .seeks the favor of the court has willfully flouted its orders, courts will be loath to exercise their discretion to grant .such an applicant affirmative relief ” (Brant v. Brant, 10 A D 2d 567).
With respect to the third motion, permission to enter a contract of sale is granted to the receiver, but no stay will be granted as to the action by the Ridgewood Savings Bank for a foreclosure of the mortgage.
The observation may be made that no order or judgment in the voluminous file permits the payment of creditors from the funds sequestered, and, before any further payments are made, express approval of the court should be obtained. Insofar as past withdrawals are concerned, the bond heretofore posted is sufficient protection to the defendant, if the withdrawals are shown on an accounting to exceed the sum due the plaintiff. Settle order on notice.