■ In the Matter of MARK McALLISTER, an Infant, Plaintiff, and EUDELL McALLISTER, His Mother and Guardian, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order, entered on December 5, 1963, unanimously modified, on the law, to the extent of denying leave to the adult plaintiff, Eudell McAllister, to file a late notice of claim, and, as so modified, the order is affirmed, with $20 costs and disbursements to appellant. There is no proof, nor does the adult plaintiff claim that she was mentally or physically incapacitated from filing a notice of claim in her own behalf within the time limited by statute. Accordingly the court was without power, in the absence thereof, to grant leave (General Municipal Law, § 50-e; *Biancoviso* v. *City of New York*, 285 App. Div. 320, 325; *Matter of Matrisciano* v. *City of New York*, 281 App. Div. 1046). Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. DAVID BELL.— Motion for an order vacating the judgment of the Court of Special Sessions of the City of New York granted, the judgment of conviction reversed, and the information dismissed. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

(May 20, 1964)

■ In the Matter of WALTER DIAMOND, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— Order, entered May 19, 1964, dismissing the petition to invalidate the designating petition of the respondent candidate, Isaac Ben Greenman, unanimously reversed on the law and the facts and, in the exercise of discretion, without costs. The motion to dismiss the petition is denied. Petitioner-appellant will be permitted to amend his petition, *nunc pro tunc*, to include the page of the petition inadvertently omitted, and the petition will be deemed so amended, and the matter is remanded for immediate trial on the allegations of the petition as so amended. It is obvious that the omission from the petition of the page reciting that petitioner was the objector before the Board of Elections and that he is a duly enrolled voter in the party and district involved was a clerical inadvertence and irregularity. It was error to regard the absence of the page containing the allegations as jurisdictional and appropriate amendment should have been allowed. The petition was verified and was timely served. Furthermore, there is no question but that petitioner was a proper objector before the Board of Elections. Where there is timely service of a verified petition by a proper objector, there is jurisdiction to entertain a proceeding under subdivision 1 of section 330 and section 335 of the Election Law. Absent any defect in those three essentials, other omissions and irregularities should be curable by amendment, where as here, no prejudice resulted to the opposing party. It unnecessarily exalts form over substance to refuse amendment in the circumstances of this case. The hearing on the objections should proceed forthwith. Concur — Botein, P. J., Rabin, Valente, Stevens and Steuer, JJ.