■ In the Matter of JACK KRANIS et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— In a proceeding pursuant to sections 330 and 335 of the Election Law to declare void the primary election held June 18, 1968 and to direct the holding of a new Democratic party Primary Election for the offices of Member of the Assembly, 41st Assembly District, Kings County, and State Committeeman, Male and Female, 41st Assembly District, Kings County, the petitioners appeal from an order of the Supreme Court, Kings County, dated July 26, 1968, which dismissed the petition. Order affirmed, without costs. No opinion. Beldock, P. J., Christ, Brennan, Munder and Martuscello, JJ., concur.

■ In the Matter of LINCOLN MACK, Respondent, v. PATSY COCUZZO, Appellant, and JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.— In a proceeding pursuant to section 330 of the Election Law to declare null and void the primary election held June 18, 1968 and to direct the holding of a new Primary Election for the office of Democratic party District Leader, Male, in the 22nd Assembly District, Part A, Queens County, the appeal is from a judgment of the Supreme Court, Queens County, dated August 21, 1968, which, *inter alia,* granted the application and directed a special election to be held on September 17, 1968. Judgment modified to provide that the special election be held on October 9, 1968. As so modified, judgment affirmed, without costs. No opinion. Leave to appeal to the Court of Appeals is granted. Beldock, P. J., Christ, Brennan, Munder and Martuscello, JJ., concur.

■ In the Matter of SEYMOUR D. REICH, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and JOSEPH F. LISA, Respondents.— In a proceeding pursuant to section 330 of the Election Law to direct the holding of a new Democratic party Primary Election for the office of Member of the Assembly, 31st Assembly District, Queens County, the petitioner appeals from an order of the Supreme Court, Queens County, dated July 31, 1968, which dismissed the petition for legal insufficiency. Order reversed, without costs, motion of respondent Lisa to dismiss the petition is denied, and the proceeding is remitted to Special Term for a hearing on the objections raised by petitioner. In our opinion, the original petition, as supplemented by the worksheet served by petitioner on July 8, 1968, was " sufficiently particular to give the court and parties notice of the transactions, [or] occurrences * * * intended to be proved " (CPLR 3013). Read together, they " set forth some facts which would give grounds for a belief that irregularities, discrepancies, or errors have occurred " (*Matter of Cregg* v. *Fisselbrand,* 22 A D 2d 342, 345, affd. 15 N Y 2d 748). Moreover, we think it indisputable that the 25-page affidavit served by petitioner on July 19, 1968 fully amplified the alleged irregularities indicated in the worksheet. Respondent conceded on the argument at Special Term that this detailed affidavit " complies in its great bulk of information with the worksheet that was originally served upon me ". Under the order to show cause which commenced this proceeding, petitioner was granted leave to submit upon the return of the order and on the argument thereof additional affidavits to supplement and support the petition. In our opinion, Special Term should have considered this detailed affidavit as a proper supplement to the original petition. So supplemented, it is clearly sufficient in law. Christ, Brennan, Munder and Martuscello, JJ., concur; Beldock, P. J., dissents and votes to affirm the order on the opinion of Special Term.