■    In the Matter of GABRIEL DEFELICE, an Infant, by GIOVANNI DEFELICE, His Father and Natural Parent and Guardian, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — Order, Supreme Court, Bronx County, entered on January 7, 1971, in so far as appealed from, unanimously reversed, on the law, without costs and without disbursements, and the application denied. The application is to allow the service of a notice of claim after the expiration of the statutory period in an action for personal injuries by an infant and in his father's derivative action for loss of services. Special

Term granted the application. Defendant's appeal is limited to the father's action. Aside from infancy, the only grounds for allowing a late filing are mental or physical incapacity (General Municipal Law, § 50-e, subd. 5). Inability to speak English is not physical incapacity (*Matter of Gugliotto* v. *City of New York,* 10 A D 2d 986, affd. 9 N Y 2d 738). Nor does the exception of infancy in the infant's action accrue to the benefit of the father in 2d 943; *Matter of McAllister* v. *New York City Housing Auth.,* 21 A D 2d the derivative action (*Jefferson* v. *New York City Housing Auth.,* 24 A D 660). There is no general discretion vested in the court aside from the statutory exceptions whether or not prejudice is shown. Concur — Stevens, P. J., Capozzoli, McGivern, Steuer and Tilzer, JJ.