In the Matter of KEVIN J. SAGENDORF, Appellant, v THOMAS J. MONAHAN, JR., et al., Constituting the Board of Elections of the County of Rensselaer, Respondents, and LEON E. WAIT et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 20, 1975, in Rensselaer County, which, in a proceeding pursuant to section 330 of the Election Law, dismissed petitioner's application to set aside the certificate of nominations filed by the Conservative Party of the Town of North Greenbush, Rensselaer County. Special Term has dismissed the present proceeding on the ground that it was not commenced within the 10-day time limitation set forth in subdivision 2 of section 330 of the Election Law. There can be no doubt that whether this 10-day period is computed from the date of the party caucus or from the date of the filing of the certificate of nominations it had run at the time of the commencement of this proceeding. As a condition precedent to maintaining this proceeding, however, it was necessary for petitioner to comply with the provisions of section 145 of the Election Law. And, in this case, unless petitioner commenced his 330 proceeding at the same time that he filed his objections to the certificate of nominations, the time limitation prescribed by subdivision

2 of section 330 would have run before any ruling on these objections by the Board of Elections. Under somewhat similar circumstances, the Court of Appeals in *Matter of Pell v Coveney* (37 NY2d 494), pointed out that the time limitations set forth in section 330 of the Election Law should not be applied simplistically based on a mechanical reading of the language of the statute, but rather such time limitations should be applied in an individual case so as not to frustrate the legislative purpose of section 330, namely, to provide access to a judicial forum in order to redress alleged abuses or irregularities in the electoral process, especially administrative errors. Here, since petitioner promptly instituted this proceeding after complying with the provisions of section 145 of the Election Law it cannot be said that such proceeding is "untimely". Accordingly, the judgment should be reversed and the matter remitted for a hearing on the question of compliance with the provisions of section 146 of the Election Law. Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.