■ BERNARD BROWN, Appellant, v MIRIAM BROWN, Respondent.—In an action for divorce, the plaintiff husband appeals from so much of an order of the Supreme Court, Queens County, dated April 1, 1976, as, on defendant's cross motion, directed him to turn over a certain automobile to defendant, or to pay her an amount equal to the weekly rental of a similar automobile. Order reversed insofar as appealed from, without costs or disbursements, and cross motion denied. We construe defendant's cross motion as seeking additional temporary alimony and, on the papers presented herein, it was an abuse of discretion to grant it. The most effective remedy for any seeming inequity in an award of temporary alimony is a speedy trial where the true facts as to finances and standards of living of the parties can be ascertained, and where the defendant's right to alimony can be finally determined (see Tobias v Tobias, 36 AD2d 643). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■ JOHN CHARALAMBAKIS, as Parent and Natural Guardian of ANASTASIA CHARALAMBAKIS, an Infant, et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In a proceeding for leave to serve a late notice of claim for damages sustained by the infant petitioner and for the derivative damages accruing thereby to the parent, the appeal is from an order of the Supreme Court, Queens County, entered September 5, 1975, which, inter alia, granted the application. Order modified by deleting therefrom the provisions which granted the application as to the parent's derivative claim and substituting therefor a provision that, as to the parent's derivative claim, the application is denied. As so modified, order affirmed, without costs or disbursements. In this case it is asserted that a prematurely born infant was given excessive oxygen in an incubator, that such oxygen caused her blindness and that the injury was only discovered during the sixth postdischarge check-up examination some months later. Under the circumstances, we believe it was a proper exercise of discretion to permit the filing of a late notice of claim in her favor (cf. Borgia v City of New York, 12 NY2d 151). We do not agree, however, that the discretion which may be exercised by the court because of the injured petitioner's infancy accrues to the benefit of the father. His claim arose on the date he was informed of the impairment and he delayed filing for many months past the 90 days provided under subdivision 1 of section 50-e of the General Municipal Law (see Matter of Defelice v Board of Educ., 37 AD2d 930; Jefferson v New York City Housing Auth., 24 AD2d 943; Matter of McAllister v New York City Housing Auth., 21 AD2d 660). Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.