Bernard Tomson, J.
This is a proceeding brought pursuant to section 330 of the Election Law to declare valid a petition designating Miriam and Jerome Rosen as candidates for nomination to the party office of democratic committeeman and to declare unconstitutional subdivision 1 of section 330 of the Election Law.
Petitioners filed a two-page designating petition with the Nassau County Board of Elections (hereinafter referred to as Board of Elections) on July 7, 1977. General objections to the petition were filed. On July 22, 1977, the Board of Elections determined that the petition was insufficient as not in accordance with sections 135 and 136 of the Election Law. Several days later petitioners received notice of this determination. Page 2 of the petition provides for only two appointees to the committee on vacancies when three appointees are required by subdivision 2 of section 135 of the Election Law. Page 1 of the petition contains the required three names for the committee on vacancies but it does not contain the 17 signatures needed to place petitioners on the primary ballot (Election Law, § 136 [subd 5]). The last day to commence a proceeding to validate petitions was July 21, 1977. Petitioners received no notice of objection to their designating petition and no notice of any proceeding before the Board of Elections until after the July 21 deadline. The notice of the Board of Elections indeed did not make the determination of insufficiency until one day after the deadline had passed.
The petitioners contend that the failure to designate a third person to the committee on vacancies on page 2 of the petition was a mere irregularity and does not invalidate the petition. Petitioners further contend that the statutory period to commence a proceeding to validate a designating petition under section 330 of the Election Law is unconstitutional because it *200 deprives petitioners of due process and equal protection of the law.
Here, the 14-day period expired on July 21, 1977. Section 145 of the Election Law requires that when a petition is held to be insufficient, notice shall be given "forthwith by mail.” Though mailed on July 22, 1977, it was not received until several days later. On the peculiar facts here, with an intervening weekend, the rationale of Pell* and Sagendorf* should be applied to permit a determination that the 14-day period be extended to cover the few additional days to July 28th when the order to show cause was signed. (See also Matter of Brownrout v Mahoney, 45 AD2d 945, mot for lv to app den 34 NY2d 978; Scibilia v Northrup, 45 AD2d 946.)
Matter of Collins v Meisser (22 NY2d 779-780) succinctly stated the applicable rule as follows: "A petition which names a committee on vacancies is not rendered invalid because of the disqualification of one of the members (Matter of Brennan v. Power, 307 N. Y. 818). It is a fatal defect if no committee on vacancies is named (Matter of Richter v. Thaler, 11 NY 2d 722).”
Also in point is Matter of Garside v Cohen (265 NY 606, 607) where it was held that a petition was valid, where the Court of Appeals said: "that the nominating petition was valid notwithstanding the irregularity in naming more than one committee to fill vacancies.”
Most recently, in Matter of Dietrich v Northrup (82 Misc 2d 941-942) it was said: " 'A petition which names a committee on vacancies is not rendered invalid because of the disqualification of one of the members (Matter of Brennan v Power, 307 NY 818). It is a fatal defect if no committee on vacancies is named (Matter of Richter v Thaler, 11 NY2d 722.’ (Matter of Collins v Meisser, 22 NY2d 779-780.) Still unanswered is the question posed here: whether the petition is invalid if it lists only two (rather than the required minimum of three) names as members of the committee. * * * Here, where there was no attempt to comply with the requirement that the petition contain the names 'of at least three persons’ (emphasis supplied) as a committee to fill vacancies, I hold that the petition was invalid.”
*201 The petitioners concede:
"1. That the Petitions circulated by the Petitioners Rosen consisted of two separate pages — Page 1 was circulated by the Petitioner Jerome Rosen and Page 2 was circulated by the Petitioner Miriam Rosen. Petitioners do not claim that the two pages were circulated together nor do they claim that they were stapled together until such time as they were prepared for submission to the Board of Elections and numbered consecutively 'Pages 1 and 2’.
"2. At the time of circulation, Page 1 bore the names of 3 people for the Committee on Vacancies, and Page 2 bore the names of 2 people for the Committee on Vacancies.”
The enrolled voters who signed page 2 of the instant petition were not, therefore, made aware of the committee on vacancies set forth on page 1. They were, in fact, aware only that they were signing a petition which designated a committee of two to fill vacancies. It may be asked which committee would function in the event of a vacancy, the validly designated committee of three, or the invalid committee of two. This generic problem is not answered in Garside. Applying the Dietrich rule would make the Board of Elections’ determination correct. But since a valid three member committee is found on page 1, and a two member committee (listing two of the three of page 1) is found on page 2, Garside would appear to dictate a finding that the designating petition was "valid notwithstanding the irregularity in naming more than one committee to fill vacancies” — the language of Garside.
As much of petitioners’ application as seeks a finding of validity for their petition and appropriate incidental relief is therefore granted.
The constitutional "issue” becomes moot since the petitioners’ application has been considered on the merits. There is therefore no need to notify the Attorney General (CPLR 1012).
In view of all of the above, the other issues raised by the order to show cause need not further be considered.

 This opinion was edited for publication. For authority also cited on this point, see Matter of Pell v Coveney (37 NY2d 494); Matter of Butler v Hayduk (37 NY2d 497); and Matter of Sagendorf v Monahan, Jr. (49 AD2d 960).