45 N.Y.2d 804 (1978)
In the Matter of Arthur Goodman et al., Appellants,
v.
Albert T. Hayduk et al., Constituting the Board of Elections of the County of Westchester, and Raymond McNamara, Respondents.
Court of Appeals of the State of New York.
Argued August 30, 1978.
Decided September 1, 1978.
Thomas J. Abinanti for appellants.
Lawrence A. Mandelker for Raymond McNamara, respondent.
Chief Judge BREITEL and Judges JASEN, JONES and COOKE concur in memorandum; Judge WACHTLER dissents and votes to reverse in a separate opinion in which Judges GABRIELLI and FUCHSBERG concur.
*805 MEMORANDUM.
The order of the Appellate Division should be affirmed, without costs.
*806 This special proceeding instituted pursuant to article 16 of the Election Law was brought on by service of an order to show cause accompanied by an annexed unverified petition. Section 16-116 of the Election Law requires that such a proceeding be "heard upon a verified petition". To find an unverified petition nonetheless acceptable to institute the special proceeding would not serve practical purposes or advance the policy behind section 16-116 of the Election Law (cf. Matter of Diamond v Power, 21 AD2d 660, mot for lv to app den 14 N.Y.2d 484; Matter of Becker v Power, 207 Misc 53; see Matter of Tuomey v Cohen, 296 N.Y. 628; Matter of Bednarsh v Cohen, 267 App Div 133, mot for lv to app den 292 N.Y. 723; Devine v Cohen, 73 NYS2d 317).
WACHTLER, J. (dissenting).
I would reverse.
There was no defect in the procedure followed here. Petitioners commenced this proceeding by service of a show cause order and thus fully complied with the requirements of CPLR 304 which states: "A special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause."
After the action was commenced and before the hearing was held, petitioners served a copy of the verified petition and thus satisfied the additional requirement imposed by section 16-116 of the Election Law which states: "A special proceeding under the foregoing provisions of this article shall be heard upon a verified petition".
Thus the statutes were literally, indeed strictly, complied with and the petition should not have been dismissed. There is of course no express statutory requirement that the proceeding be commenced by service of a show cause order with a verified petition annexed, nor is there any authority from this court for imposing such a requirement. Any amendment to the law to create this additional requirement or condition precedent should be made by the Legislature. As far as this case is concerned it is sufficient to note that the petitioner served a show cause order and the proceeding was in fact heard on a verified petition. That is all the law requires.
With respect to the merits I would note that the uninitialed changes which were the subject of objection cannot be said to be unexplained (compare Matter of White v McNab, 40 N.Y.2d 912) *807 in view of the hearing held by the Supreme Court. Since that court's factual findings are conclusive at this stage I would agree with the Supreme Court that the objections must be rejected.
Order affirmed.