■ ANN M. FITZGIBBON, Respondent, v PATRICK FITZGIBBON, Appellant. —In a matrimonial action, the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Rockland County, entered February 15, 1979, as directed him to make payments in connection with the maintenance of the marital home, *pendente lite,* and (2) from so much of a subsequent order of the same court, entered June 21, 1979, as granted plaintiff's motion for leave to enter a judgment for arrears. The appeal from the first order brings up for review so much of a further order of the same court, dated June 14, 1979, as upon reargument, adhered to the original determination. With respect to the second appeal, the court deems the notice of appeal filed by the appellant as a premature notice of appeal from the ensuing judgment for arrears entered July 12, 1979. Appeal from the order entered February 15, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order on reargument, dated June 14, 1979, affirmed insofar as reviewed, and judgment affirmed, without costs or disbursements. The most effective remedy for any seeming inequity in an award of support, *pendente lite,* is a speedy trial where the financial capacity and standard of living of the parties can be ascertained. (See *Brown v Brown,* 54 AD2d 553; *Lemme v Lemme,* 63 AD2d 695.) In the case at bar, the imminence of trial coupled with the appellant's delay in seeking relief persuades us to decline to disturb the order and judgment. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.