OPINION OF THE COURT
Harold Tompkins, J.
Petitioners move pursuant to subdivision 5 of section 50-e of the General Municipal Law for an order permitting late service and filing of a notice of claim. The proposed claim concerns alleged medical malpractice committed against the infant petitioner and her mother, who is also a petitioner as guardian of her daughter and on the derivative claim.
Subdivision 5 of section 50-e of the General Municipal Law provides that the court in its discretion may grant an extension of time to serve a notice of claim as long as the extension does not exceed the Statute of Limitations for commencing an action against the public corporation. Accordingly, this motion is timely as it is brought within one year and 90 days of the accrual of the cause of action (General Municipal Law, § 50-i, subd 1, par [c]; Pierson v City of New York, 56 NY2d 950).
In considering an application brought pursuant to subdivision 5 of section 50-e of the General Municipal Law, the court is required to consider whether the petitioner is an *653 infant. Thus, it has been held that infancy tolls the period for serving a notice of claim and petitions under subdivision 5 of section 50-e are generally granted to an infant petitioner (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256).
Respondent does not oppose the infant petitioner’s application. However, it does oppose the application with respect to the derivative action of the infant petitioner’s mother. Respondents contend that the petitioner parent cannot rely upon the infancy of the daughter in support of an application to extend the time for service of the notice of claim relating to the derivative action.
With reference to the filing of a late claim it has been held that the exception of infancy does not accrue to the benefit of the parent in a derivative action (Matter of Defelice v Board of Educ., 37 AD2d 930; Charalambakis v City of New York, 54 AD2d 553, revd on other grounds 46 NY2d 785).
Under the 1976 amendment to subdivision 5 of section 50-e the standard to be used by the court in exercising its discretionary power to permit late filing of the notice of claim has become more elastic. (Matter of Beary v City of Rye, 44 NY2d 398; Heiman v City of New York, 85 AD2d 25.) The statute expressly provides that the court shall consider all other relevant facts and circumstances. (General Municipal Law, § 50-e, subd 5 [L 1976, ch 745, § 2].) The statute goes on to enumerate certain facts and circumstances which would support an extension of time to serve a notice of claim.
It is the parent’s burden to demonstrate that she is entitled to relief under subdivision 5 of section 50-e. However, no such showing has been made. Indeed the papers put forth no excuse for the failure of the parent to serve a notice of claim. Petitioner parent relies solely on her daughter’s infancy as the basis for the request for late service of the notice of claim.
In the Second Department, the Appellate Division held that where the infant and parent moved within a reasonable period of time after the 90-day period expired and where no prejudice was demonstrated by the public corpo *654 ration, under the new standards in subdivision 5 of section 50-e of the General Municipal Law, as amended by section 2 of chapter 745 of the Laws of 1976, late service should be permitted with respect to both the infant and parent. (Centelles v New York City Health & Hosps. Corp., 84 AD2d 826.) The court relied on the more liberal approach mandated by subdivision 5 of section 50-e.
This court does not believe that the 1976 amendment to subdivision 5 of section 50-e of the General Municipal Law was intended to liberalize the statute to the extent that if a claimant is granted an extension of time based upon infancy then the parent has an automatic right to file with respect to the derivative claim. Indeed, the converse was true prior to the amendment (Defelice v Board of Educ., supra).
Since no showing is made concerning the reasons for the parent’s failure to serve and file the notice of claim within the statutory period, an automatic extension would have to be granted to the parent based upon the claimant daughter’s infancy under these facts if the parent’s claim were to survive.
To permit late service of the notice of claim as to the derivative action would go beyond even the liberal language of subdivision 5 of section 50-e. Accordingly, the application is granted with respect to the infant claimant and denied as to the parent’s claim.