OPINION OF THE COURT
Joseph Slavin, J.
Respondents move to dismiss this special proceeding, brought pursuant to article 16 of the Election Law, in which petitioners seek to validate their candidacies for election as member of the Democratic County Committee from various election districts in the 44th Assembly District. The petition is verified by petitioners’ attorney who sets forth his verification pursuant to CPLR 3020 (subd [d], par 3), but does not set forth “the grounds of his belief as to all matters not stated upon his knowledge”, as required by CPLR 3021. Respondents contend this proceeding is barred by petitioners’ failure to submit the verified petition required by section 16-116 of the Election Law.
Jurisdiction to entertain a proceeding under article 16 of the Election Law requires timely service of a verified petition by a proper objector (Matter of Diamond v Power, 21 AD2d 660). The section 16-116 of the Election Law requirement of a verified petition is a jurisdictional condition precedent (Matter of Goodman v Hayduk, 64 AD2d 937, affd 45 NY2d 804). “By Verified petition’ is meant a petition duly verified by a person who is entitled under the law to be a petitioner in the proceeding” (Matter of Becker v Power, 207 Misc 53, 54). The court therefore concludes that *191 verification by an attorney rather than the party to the proceeding is not permissible in this case (Matter of Sedita v Smolinski, 89 AD2d 1052, mot for lv to app den 57 NY2d 605).
Assuming, arguendo, petitioners are correct in their contention that verification in a special proceeding under article 16 of the Election Law is governed by CPLR 3020, that would still not cure the defective verification here. As pointed out in Matter of Giambra v Commissioner of Motor Vehicles (46 NY2d 743), where an attorney verifies a pleading pursuant to CPLR 3020 (subd [d], par 3), there must be careful compliance with CPLR 3021 in that the attorney must set forth the grounds of his belief as to all matters not stated upon his knowledge. That was not done here.
Matter of Ladore v Mayor of Vil. of Port Chester (70 AD2d 603), relied on by petitioners, is inapplicable here. A close reading of that case indicates that the respondents therein initially moved to dismiss based on failure of personal service and, when that failed, raised as an afterthought that there was no verification at all on the petition. The Ladore discussion concerning waiver of objection to the form of verification, in my opinion, is dicta, and was, in effect, overruled by Sedita (supra).
The application is therefore granted and the petition is dismissed.