OPINION OF THE COURT
S. Barrett Hickman, J.
In this election proceeding commenced by order to show cause pursuant to Election Law § 16-102, petitioner seeks a judgment declaring invalid the Republican Party caucus for the Town of Wappinger and the corresponding certificate of nominations, filed with the Dutchess County Board of Elections on August 28, 1987, purporting to nominate Republican Party candidates for various positions in the Town of Wappinger, New York.
The court has determined that the proceeding was not timely commenced, and that the court therefore lacks jurisdiction to decide the issues presented herein.
On August 18, 1987, at approximately 7:00 p.m., the Town of Wappinger Republican Committee held "party district caucuses” in each of four wards "for the purpose of electing delegates to the Town of Wappinger Republican Convention” (published notice dated Aug. 5, 1987). Thereafter, at approximately 8:15 p.m., the Committee conducted "a convention of *3 Elected Delegates for the purpose of nominating candidates for the Town of Wappinger offices” involved in this proceeding (id.). The certificate of nominations culminating from this procedure was filed on August 28, 1987, and petitioner thereafter timely filed general and specific objections pursuant to Election Law § 6-154. By letter dated September 11, 1987, the Board of Elections notified petitioner that it would not sustain the objections on the grounds that the certificate of nominations was valid on its face and that the Board had no authority beyond this ministerial determination.
JURISDICTION
This proceeding presents a complex threshold issue involving the interaction between relevant portions of the Election Law, CPLR and the Uniform Civil Rules for the Supreme Court and the County Court. Respondents maintain that this proceeding was not timely commenced and that, as a consequence, it is jurisdictionally defective. The court must agree.
Election Law § 16-102 (2) provides, in pertinent part, that a proceeding such as the instant one "shall be instituted * * * within ten days after * * * the filing of the certificate of nominations made at such caucus”. The nominating certificate at issue was filed on August 28, 1987, making September 8, 1987 the outside date on which to commence this proceeding. On September 4 and September 8, 1987, petitioner’s order to show cause was presented respectively to several Supreme Court Justices in Dutchess County for signature. These Justices all disqualified themselves and the papers thereafter came before the undersigned during a conference held on September 10, 1987. At that conference the court deemed it an equitable and proper exercise of judicial discretion to sign the order to show cause nunc pro tunc as of September 4, 1987, the date when the order would have presumably been signed absent the disqualifications. However, a stipulation was placed on the record which expressly reserved determination of the jurisdictional issue. The court now reaches that issue.
It is well settled that the failure of an objector to commence an election proceeding within the statutory period is a fatal jurisdictional defect (Matter of Goodman v Hayduk, 45 NY2d 804; Matter of Bruno v Peyser, 40 NY2d 827; but see, Matter of Sagendorf v Monahan, 49 AD2d 960, 961). While an exception to the general rule has been carved out with respect to candidates (see, Matter of Pell v Coveney, 37 NY2d 494), such *4 exception does not apply to objectors (Blenman v Herron, 51 NY2d 750; Matter of Thompson v Wallace, 45 NY2d 803). Absent a showing that the proceeding was properly commenced, or that the jurisdictional problem is otherwise cured, this court is compelled to dismiss the petition for lack of jurisdiction.
A special proceeding "is commenced and jurisdiction acquired by service of a notice of petition or order to show cause” (CPLR 304 [emphasis supplied]). The court is aware that Election Law § 16-116 states, in pertinent part, that an election proceeding shall be heard "upon such notice to such officers, persons or committees as the court or justice shall direct, and shall be summarily determined.” While this section provides a petitioner with the opportunity to obtain jurisdiction by means of alternate service, the timeliness of service is an indispensible requirement (Matter of Lamb v Gada, 1 Misc 2d 398, 401, affd 1 AD2d 954; Matter of Tenneriello v Board of Elections, 125 Misc 2d 190, revd on other grounds 104 AD2d 467; compare, Matter of Tamney v Atkins, 151 App Div 309, revd on other grounds 209 NY 202). It is uncontested that the order to show cause commencing the instant proceeding was not served prior to September 10, 1987, two days after expiration of the statutory time limit. No notice of petition was ever served. Moreover, the jurisdictional objection was not waived (see, Matter of Moore v Milhim, 109 AD2d 810).
Petitioner maintains, however, that it was necessary to commence the proceeding by order to show cause, rather than by notice of petition, due to difficulties regarding personal service, time constraints and the need for an order restraining the Board of Elections from printing ballots. Furthermore, contends petitioner, the untimely service was not caused by any lack of diligence but by the successive disqualifications of assigned Justices and the procedural mandates of the Uniform Civil Rules for the Supreme Court and the County Court (22 NYCRR 202.1 et seq.). According to this argument, a dismissal of this petition on jurisdictional grounds would be tantamount to a denial of petitioner’s opportunity to be heard as guaranteed by the Due Process Clause of the Fourteenth Amendment of the US Constitution (see, Matter of Brownrout v Mahoney, 45 AD2d 945). While the court is not unsympathetic to petitioner’s difficult position, it cannot agree with her contentions.
An order to show cause is an alternative to the usual procedure of commencing a special proceeding by notice of *5 petition (see, Matter of Harris v New York State Bd. of Parole, 7 AD2d 662). Court direction is not necessary to commence an election proceeding and, in fact, "[a]n order to show cause directing what notice should be given does not [without timely service] * * * operate to institute the proceeding” (Matter of Lamb v Gada, supra, at 401). In addition, the denial of an order to show cause provides no jurisdictional basis upon which further proceedings may be predicated (see, Matter of King v Gregorie, 90 AD2d 922; Matter of Harris v New York State Bd. of Parole, supra), and by analogy, neither does a Judge’s recusal. Therefore, no jurisdiction had been acquired in this proceeding as of the statutory deadline.
The court, in signing the order to show cause nunc pro tunc as of September 4, 1987, intended to allow for a full development of the jurisdictional issue, thereby avoiding a hasty judicial determination and affording petitioner a fair opportunity to be heard. In so doing, however, it was not the court’s intention, nor was it within the court’s power, to provide for a jurisdictional basis where one would not otherwise exist. This court does not have the authority, as does the Appellate Division (CPLR 5704 [a]), to review the ex parte decisions of Supreme Court Justices. Therefore, the prior determinations regarding disqualification must stand.
Furthermore, petitioner was not without recourse as of September 4, 1987, when Honorable James D. Benson first disqualified himself. Petitioner was free at that time to commence this proceeding by service of a notice of petition and verified petition (see, Matter of Lamb v Gada, supra). Following commencement of a properly noticed proceeding, petitioner thereafter could have sought by order to show cause an acceleration of the return date. Alternatively, petitioner could have tried to secure the signature of a Supreme Court Justice outside of Dutchess County. Anticipated difficulties in service due to time constraints do not, in and of themselves, act to relieve a petitioner of the duty to attempt the utilization of available procedures.
In this regard, the court notes that the 20-day notice provision of CPLR 7804 (c) does not have the same jurisdictional ramifications as the service provisions of CPLR 304 and the time provisions of Election Law § 16-102 (see, Matter of Brown v Casier, 95 AD2d 574; Matter of Szklowin v Planning Bd., 115 Misc 2d 1045), especially in election proceedings (see, Matter of Doyle v Supreme Ct, 286 App Div 469). Therefore, had this proceeding been commenced on notice, petitioner’s request for *6 affirmative relief before the 20 days had elapsed could not have been perceived as presenting a jurisdictional problem. In any event, it would have been within the court’s power and discretion to accelerate the return date. Petitioner was not compelled to commence this proceeding by order to show cause, as seemingly suggested, nor was she compelled to seek only the signature of a Supreme Court Justice in Dutchess County. In the face of a jurisdictional objection, the court cannot overlook the options which were available to petitioner, even if such options seem duplicitous or burdensome.
In summary, therefore, as this proceeding was not timely commenced, it is jurisdictionally defective and must therefore be dismissed.
Therefore, it is hereby:
Ordered, adjudged and decreed, that the proceeding is dismissed.