OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In an effort to ensure payment of sales tax revenue to the State, the Legislature in 1991 changed the manner in which motor vehicle damage insurance awards are to be paid by enacting article 15 of the Tax Law. Pursuant to article 15, insurance carriers are required to send the sales tax component of an insurance award directly to the State Commissioner of Taxation and Finance
 
 (see,
 
 Tax Law § 341 [b], [c]). Claimant is then sent a credit voucher, which can be remitted to the repair shop or dealer in lieu of sales tax, if the vehicle is repaired or replaced within a year
 
 (see,
 
 Tax Law § 341 [d] [1], [2]).
 

 Plaintiffs, 13 insurance carriers and their trade association, seek a declaration that article 15 is facially unconstitutional and an injunction to prevent its implementation. Plaintiffs argue that article 15 violates their due process rights because it does not allow for a refund in the event that the funds remitted to the State by insurers exceed the amount of sales tax actually assessed. Plaintiffs further contend that, because repair shops and dealers are not required to accept the vouchers
 
 (see,
 
 Tax Law §§ 341 [d] [2]), a claimant may be required to
 
 *952
 
 pay sales tax that the insurer has already remitted to the Commissioner, thereby resulting in an unconstitutional double taxation without possibility of a refund.
 

 A presumption of constitutionality attaches to article 15, and this Court is required "to avoid interpreting [it] in a way that would render it unconstitutional if such a construction can be avoided”
 
 (Alliance of Am. Insurers v Chu,
 
 77 NY2d 573, 585). Plaintiffs’ facial constitutional challenge hinges on speculative assertions regarding possible actions by future claimants, motor vehicle repair shop owners and dealers. The sets of facts posed by plaintiffs, however, are not presently before the Court — indeed, article 15 does not even become effective until July 1997
 
 (see,
 
 L 1996, ch 309, § 252). At this point, then, we cannot presume that it will result in overpayment of taxes or double taxation.
 

 Nor can we presume that a refund request would be denied. Article 15 does not on its face preclude the Commissioner from refunding excessive or double taxes to claimants or insurers. To the contrary, it specifically incorporates the provisions of article 28 of the Tax Law to the extent that they are not inconsistent with any provision of article 15
 
 (see,
 
 Tax Law § 341 [f] [2]), and section 1139 (a) of article 28 provides that "the tax commission shall refund or credit any tax * * * erroneously, illegally or unconstitutionally collected or paid.” This general refund provision is not inconsistent with the two specific sales tax refund provisions contained in article 15
 
 (see,
 
 Tax Law § 341 [e] [1], [2]). The constitutionality of the statute as applied to a particular claimant or insurer might be addressed when and if the statute actually does result in overpayment of taxes or double taxation.
 

 Plaintiffs’ remaining contentions lack merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Titone taking no part.
 

 Order affirmed, with costs, in a memorandum.