(August 24, 1999)

■ In the Matter of FRED CASTIGLIA, Appellant, v CAROLEE SUNDERLAND et al., Respondents. [694 NYS2d 169] —In a proceeding pursuant to Election Law article 16 to invalidate a petition designating certain individuals as candidates in a primary election to be held on September 14, 1999, for the nomination of the Republican Party as candidates, *inter alia,* for the public office of Town Justice of the Town of Harrison, County of Westchester, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered August 17, 1999, as directed the Westchester County Board of Elections to place the name of Philip A. Marraccini on the ballot as a candidate of the Republican Party for the office of Town Justice of the Town of Harrison.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the Westchester County Board of Elections is directed to remove the name of Philip A. Marraccini from the appropriate ballot.

The designating petition in question listed individuals as candidates in a primary election for the nomination of the Republican Party for the positions of Mayor, Town/Village Clerk, and Town Justice (two positions) of the Town of Harrison. Philip A. Marraccini was originally designated on the subject petition as a candidate of the Republican Party for the office of Mayor of the Town of Harrison. He thereafter declined the designation for the office of Mayor and one of the two designees for the office of Town Justice of the Town of Harrison similarly declined that designation. In the interim, objections were filed to the designating petition. Thereafter, the committee to fill vacancies designated Marraccini as a candidate at the primary election for the Town Justice position. The Westchester County Board of Elections subsequently invalidated the designating petition. The appellant then commenced this proceeding, *inter alia,* to invalidate Marraccini's designation for Town Justice. The Supreme Court ruled that because Mar-

raccini was not a designee for any office on the date that the objections were filed, he was entitled to appear on the ballot for the Republican nomination for Town Justice. We disagree.

We note that the appellant, as an aggrieved candidate, has standing to maintain the instant proceeding (*see,* Election Law § 16-102 [1]). The invalidation of the instant designating petition precluded the respondent Philip A. Marraccini, a substitute candidate thereon, from being designated a candidate for the public office of Town Justice for the Town of Harrison. Mangano, P. J., Santucci, Sullivan, Altman and McGinity, JJ., concur.