■ In the Matter of DOROTHY KLEIN et al., Appellants, v ROBERT L. GARFINKLE et al., Respondents, and WORKING FAMILIES PARTY COUNTY COMMITTEE OF SUFFOLK COUNTY et al., Respondents. [786 NYS2d 77]—

In a proceeding pursuant to Election Law § 16-102 (1), inter alia, to invalidate the organizational meeting of the Working Families Party County Committee of Suffolk County held September 27, 2004, and all actions taken by the Working Families Party County Committee of Suffolk County and the Executive Committee of the Suffolk County Working Families Party County Committee as a consequence of the organizational meeting, the petitioners appeal, as limited by their brief, from so much of a final order of the Supreme Court, Suffolk County (Werner, J.), dated October 15, 2004, as denied the petition and dismissed the proceeding.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings; and it is further,

Ordered that the time of the respondents Working Families Party County Committee of Suffolk County, the Executive Committee of the Suffolk County Working Families Party County

Committee, Charles J. Pohanka III, Donna Lent, and Dorothy Weissgerber to answer the petition is extended until five days after service upon them of a copy of this decision and order.

The Supreme Court found that the petitioners lacked standing or failed to plead sufficient facts to establish standing to prosecute this proceeding, which challenges the validity of the organizational meeting of the Working Families Party County Committee of Suffolk County (hereinafter the County Committee), held September 27, 2004. However, as the issue of standing was not raised as an affirmative defense in an answer or in the pre-answer motions to dismiss the petition, the issue was waived (*see Dougherty v City of Rye,* 63 NY2d 989, 991-992 [1984]; *Matter of Prudco Realty Corp. v Palermo,* 60 NY2d 656, 657 [1983]; *National Assn. of Ind. Insurers v State of New York,* 207 AD2d 191, 197 [1994], *affd* 89 NY2d 950 [1997]).

In any event, the petitioners Brian Schneck and Sharin Thompson have standing as aggrieved candidates for the party positions of Presiding Chairman and Secretary of the County Committee, respectively (*see* Election Law § 16-102 [1]; *Matter of Maher v Board of Elections of County of Nassau,* 297 AD2d 396 [2002]; *Matter of Castiglia v Sunderland,* 264 AD2d 491 [1999]), and the petitioners Dorothy Klein, Michele Lynch, Ernest K. Wessberg, and Herbert D. Biblo, who are members of the County Committee, have standing to challenge the manner in which vacancies on the County Committee were filled at the organizational meeting (*see Matter of Mazur v Kelly,* 170 AD2d 1037 [1991]). Contrary to the determination of the Supreme Court, the omission from the petition of allegations that the petitioners were aggrieved candidates did not mandate denial of the petition and dismissal of the proceeding (*see* Election Law § 16-116; *Matter of Diamond v Power,* 21 AD2d 660 [1964]).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for further proceedings, including an evidentiary hearing on the merits of the petition (*see Matter of Pauly v Mahoney,* 49 AD2d 1014 [1975]).

We note that the petition states a cause of action pursuant to Election Law § 16-102 (1), as it alleges facts sufficient to establish the petitioners' right to the particular relief sought and provides notice of the transactions and occurrences intended to be proven (*see* CPLR 3013; *Matter of Hogan v Goodspeed,* 196 AD2d 675 [1993], *affd in part, dismissed in part,* 82 NY2d 710 [1993]; *Matter of Reich v Power,* 30 AD2d 925 [1968], *affd* 22 NY2d 887 [1968]; *Matter of Delmont v Kelly,* 172 AD2d 1067 [1991]). S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.