■ ANNIE BRENAN, Respondent, v. MOORE-MCCORMACK LINES, INC., Appellant, et al., Defendant.

*Per Curiam.* We find on this record that the court's charge to the jury was substantially correct. The appellant failed to take the necessary exceptions and make the necessary requests in order to preserve its right to rely on several of the alleged errors. The submission of requests to find in advance of the charge did not obviate the necessity for specific exceptions and appropriate requests after the charge to the jury incorporating appellant's theory of the case. (*Kittredge* v. *Grannis*, 236 N. Y. 375, 387; Civ. Prac. Act, § 446.) Adequate opportunity was afforded the appellant after the court's charge to the jury to take exceptions and to make additional requests; appellant availed itself of exceptions and requests on the issue of damages, the issue of liability in respect of the second cause of action, and the evidence in regard to the X rays. Appellant did not specifically except to the court's charge on comparative negligence, and the subsequent injury to the ankle and appellant's liability therefor, nor did it make any requests after the charge pertaining thereto.

In the course of the trial, the court granted a motion to strike out the testimony concerning the fractured ankle. After listening to plaintiff's counsel on the question, the court, in effect, withdrew its prior ruling and reserved decision on the motion to strike out the testimony concerning the fractured ankle and told counsel that the motion might be renewed at the end of the case. No motion was made at the end of the case nor did the court rule on the motion. However, the court, in its charge, by implication, disposed of the defendant's motion relative to the fractured ankle and inherent in the charge is a denial of the motion. In any event, the failure on the part of the court to finally rule on the motion would be deemed a denial of same.

The failure of appellant to renew its motion or to except to that portion of the charge that was applicable might well have led the trial court to believe appellant was acquiescing in the submission. This likelihood was increased by the fact that the motion was originally made nine days before.

In the absence of any exception to the court's charge relating to the injury to the ankle (*Creaser* v. *Smith Trucking Co.*, 2 N Y 2d 177), on this

record, implicit in the jury's verdict, is the finding that no efficient cause intervened between the occurrence of May 31, 1952 and the injury to plaintiff's ankle, and that the cause of plaintiff's original injuries proximately produced, concurrently or otherwise, the later injury to the ankle. The fact that the site of the original injury was not the same as the site of the later injury is not determinative. (*Matter of Chiodo* v. *Newhall Co.*, 254 N. Y. 534; *Creaser* v. *Smith Trucking Co.*, *supra*.) Moreover, the amount of the verdict, in the light of the special damages of $18,503.55 charged by the court, without exception, suggests that the amount of the verdict, if any, assignable to the ankle injury, was inconsequential.

The judgment should be affirmed, with costs to the respondent.

Breitel, J. P., Frank, Valente, McNally and Bastow, JJ., concur.

Judgment, so far as appealed from, unanimously affirmed, with costs.