ROBERT S. TENNANT, Respondent, v BRISTOL LABORATORIES, DIVISION OF BRISTOL-MYERS COMPANY, et al., Appellants.—Order unanimously reversed on the law without costs and defendants' motion granted, in accordance with the following memorandum: The court erred in denying defendants' motion for summary judgment seeking to dismiss plaintiff's complaint which alleges age discrimination and wrongful discharge causes of action. Defendants met their burden of demonstrating entitlement to judgment as a matter of law with respect to both causes of action, thus shifting the burden to plaintiff to demonstrate the existence of a triable issue of fact. Plaintiff failed to meet his burden. Plaintiff was an at-will employee of Bristol Laboratories Division. Contrary to plaintiff's claim, the March 19, 1986 letter from his employer which defined the "Bumping Rules", developed as a part of a work force reduction, did not amount to a limitation on the employer's right to discharge plaintiff *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).

Additionally, plaintiff failed to refute allegations of the director of plant engineering and maintenance, who averred in his affidavit that plaintiff was not offered a position for which he was presumptively eligible under the "Bumping Rules" because of his negative work attitude, his reluctance to work on holidays and on emergency call-ins, and his lack of qualifications for the available positions of maintenance mechanic B and stock attendant B. Defendants, therefore, have advanced legitimate business reasons for their failure to select plaintiff for employment under the "Bumping Rules".

Plaintiff has failed, on this record, to demonstrate that a triable issue of fact exists on his cause of action for age discrimination *(see, Ioele v Alden Press,* 145 AD2d 29; *Brown v General Elec. Co.,* 144 AD2d 746, 748).

Finally, in view of our decision, defendants' contention that Supreme Court erred in denying their motion for a stay of proceedings pending appeal is moot. (Appeal from order of Supreme Court, Onondaga County, Miller, J.—summary judgment.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.

ANTHONY L. JORDAN HEALTH CORPORATION, Doing Busi-