■ ORISKANY FALLS FUEL, INC., Respondent, v FINGER LAKES GAS COMPANY, INC., Appellant.—Order unanimously affirmed with costs. Memorandum: Plaintiff entered into a contract to construct and install a gas distribution line for defendant. Item A660.22 of the accepted bid schedule, relating to restoration of sidewalk, roadway and lawn areas, sets forth approximate quantities. A note to the item provides: "The actual quantities * * * shall be determined in the field during installation * * *. The contractor shall be paid on ACTUAL QUANTITIES installed." Plaintiff performed asphalt restoration work on the roadway that used asphalt in excess of the estimated quantities in the bid sheet and submitted requisitions for payment. Defendant admits that the work was performed, but maintains that plaintiff's compensation for asphalt restoration is included in the contract price.

The IAS Court properly granted plaintiff's motion for partial summary judgment. The interpretation of the parties' unambiguous contract is an issue to be decided as a matter of

law by the court *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). The parties explicitly agreed that payment for asphalt restoration work would be based upon actual quantities rather than a fixed price, and plaintiff is entitled to be paid in accordance with the agreement.

Since plaintiff failed to cross-appeal from the order, its argument that defendant should be required to pay plaintiff $20,000 upon receipt of releases of the subcontractor's liens is not properly before us *(see, Day v Day,* 112 AD2d 972, 973; *Davis v Weg,* 104 AD2d 617, 620). (Appeal from Order of Supreme Court, Steuben County, Finnerty, J.—Summary Judgment.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.