■ Frank Brown, Plaintiff, v U.S. Vanadium Corpora-

TION, Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. SCRUFARI CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant-Respondent. [604 NYS2d 432] — Cross appeal unanimously dismissed and order affirmed without costs. Memorandum: Supreme Court properly granted the cross motion of third-party plaintiff, U.S. Vanadium Corporation (Vanadium), for summary judgment on its contractual indemnification claim. Vanadium established that it did not direct or control the work performed by employees of third-party defendant, Scrufari Construction Co., Inc. (Scrufari). The fact that Vanadium retained the right to terminate the contract is insufficient to establish control over the performance of the work (see, Hayes v Crane Hogan Structural Sys., 191 AD2d 978; Allman v Ciminelli Constr. Co., 184 AD2d 1022, 1023; Fox v Jenny Eng'g Corp., 122 AD2d 532, affd 70 NY2d 761). Scrufari failed to raise a triable issue of fact that Vanadium was responsible for negligence that contributed to the accident (see, General Obligations Law § 5-322.1; Connolly v Brooklyn Union Gas Co., 168 AD2d 477, 478, lv denied 78 NY2d 864).

The cross appeal of Vanadium must be dismissed because Vanadium is not an aggrieved party (see, CPLR 5511; Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488; Matter of Brown v Starkweather, 197 AD2d 840, lv denied 82 NY2d 653). The order recites that the cross motion for summary judgment on the contractual indemnity claim "is, in all respects, granted"; it thereby awarded the litigation costs that Vanadium sought with respect to its contractual indemnity claim.

Vanadium also argues that this Court should grant its cross motion for summary judgment on its common-law indemnification claim. It maintains that, although the court did not address that aspect of its cross motion, this Court has the power to search the record and grant it summary judgment on that ground, pursuant to Merritt Hill Vineyards v Windy Hgts. Vineyard (61 NY2d 106). The court's failure to rule on the common-law indemnification claim is deemed a denial of that part of the cross motion (see, People v Bailey, 58 NY2d 272, 275; Brenan v Moore-McCormack Lines, 3 AD2d 1006). Furthermore, Vanadium is limited by its notice of cross appeal to arguing only with respect to litigation costs (see, CPLR 5515 [1]; Royal v Brooklyn Union Gas Co., 122 AD2d 132, 133). (Appeals from Order of Supreme Court, Niagara

County, Koshian, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.