■ FUTURE DEVELOPMENT CORP., Respondent, v U.S. UNDERWRITERS INSURANCE COMPANY, Appellant, et al., Defendants. [651 NYS2d 866] —In an action for a judgment declaring that the defendant U.S. Underwriters Insurance Company must defend and indemnify the plaintiff as an additional insured in an underlying action pending in the Supreme Court, Nassau County, entitled *Brown v County of Nassau et al.,* the defendant U.S. Underwriters Insurance Company appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated November 30, 1995, which granted the plaintiff's motion for partial summary judgment, declared that it must defend the plaintiff, and denied as moot its cross motion to compel disclosure pursuant to a notice for discovery and inspection.

Ordered that the order is modified, by deleting the provision thereof which denied the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the time to comply with the notice of discovery and inspection dated August 11, 1995, is extended until 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry.

There is no proof in admissible form that the plaintiff in the underlying action was, at the time of the accident, attending a function not covered by the appellant's policy. Upon a review of the complaint in the underlying action, we conclude that the insurer must provide a defense, even if the facts ultimately

reveal that it has no obligation to indemnify *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419).

The appellant's assertion that it is not required to defend the plaintiff in the underlying action because the accident occurred on an outside step of the premises is without merit *(see,* 74 NY Jur 2d, Landlord and Tenant, § 162).

However, the cross motion to compel disclosure should have been granted, since the material sought may be relevant to whether the appellant may have a duty to indemnify. Goldstein, J. P., Altman, Florio and Luciano, JJ., concur.