DALE V. SHOUSE, Respondent, v ALBERT G. LYONS, JR., et al., Appellants. (Appeal No. 1.) [695 NYS2d 821] —Order

unanimously affirmed with costs. Memorandum: We reject defendants' contention that Supreme Court improvidently exercised its discretion in denying the motion to vacate the default judgment. "It is well settled that on a motion to vacate a default pursuant to CPLR 5015 (a), a defendant must demonstrate a reasonable excuse for the default and a meritorious defense" (*Kolajo v City of New York,* 248 AD2d 512). Defendants and their attorney failed to appear for the trial date as a result of a calendaring error, but the motion to vacate the judgment was not made for seven months. The determination of what constitutes a reasonable excuse for the default is a matter that rests within the sound discretion of the court (*see, Frenchy's Bar & Grill v United Intl. Ins. Co.,* 251 AD2d 177). The pattern of neglect by defendants and their attorney is not excused as law office failure (*see, Kolajo v City of New York, supra*). Furthermore, no affidavit of merit was furnished.

We also reject the contention that the court erred in denying defendants' motion to renew and reargue the motion to vacate the default judgment. The allegedly new facts presented by defendants in the motion to renew were presented to the court in the initial motion. Although defendants may not have been personally aware of the facts, their attorney was, and he presented the facts to the court in an affidavit. A motion to renew must be based on facts that existed at the time of the original motion of which both the party seeking renewal and the court were unaware (*see, Foley v Roche,* 68 AD2d 558, 568). Because the facts were known by the court and defendants' attorney, the motion is properly considered a motion to reargue, and no appeal lies from an order denying reargument (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984).

Defendants' remaining contention is raised for the first time on appeal and therefore has not been preserved for our review. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Vacate Judgment.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.