■ JAMES V. WELCH, Appellant, et al., Plaintiffs, v JAMES DI BLASI et al., Respondents. [737 NYS2d 716] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of James V. Welch (plaintiff) to strike defendants' answer and counterclaims based on the doctrine of unclean hands. Contrary to defendants' contention, plaintiff did not waive the right to assert that doctrine by failing to

plead it as an affirmative defense (*see, Richards v Levy*, 40 AD2d 1055, 1055-1056). We agree with defendants, however, that the doctrine of unclean hands does not apply here. Under that doctrine, "one who has executed an agreement to perpetrate a fraud has 'forfeited his right, in law or equity, to protection or recourse in a dispute involving his accomplices in that very scheme' " (*Smith v Long*, 281 AD2d 897, 898, quoting *Ta Chun Wang v Chun Wong*, 163 AD2d 300, 302, *lv denied* 77 NY2d 804, *cert denied* 501 US 1252). In addition, the doctrine is applicable only "when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 316; *see, Agati v Agati*, 92 AD2d 737, 738, *affd* 59 NY2d 830; *Mehlman v Avrech*, 146 AD2d 753, 754). Plaintiff, a judgment creditor of defendant James Di Blasi, alleges that defendant Rosemary Di Blasi made fraudulent statements on a mortgage application and that James conspired with Rosemary to do so. Plaintiff was not an accomplice in the alleged fraud and did not rely on the allegedly fraudulent conduct, and plaintiff's action relates to many properties that were not the subject matter of the alleged fraud. Additionally, plaintiff has failed to demonstrate that he was injured by the allegedly false statements made by Rosemary on the mortgage application. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.