■ ELSIE J. SMITH, Appellant, v LUM SMITH, Respondent. [736 NYS2d 557] —Appeal from an order of Supreme Court, Erie County (Marshall, J.), entered February 21, 2001, which, inter alia, granted defendant's motion to vacate the judgment entered December 2, 1999 and the amended judgment entered December 22, 1999.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The parties were divorced by a final judgment entered November 21, 1989. Plaintiff sought to correct and amend the judgment in several respects by a motion seeking relief previously sought by a motion in 1995, which had been denied without prejudice to renew. Supreme Court granted plaintiff's present motion on defendant's default by a judgment entered December 2, 1999, and the court thereafter sua sponte issued an amended judgment entered December 22, 1999, clarifying the prior 1999 judgment. Defendant moved to vacate the 1999 judgment and amended judgment, contending, inter alia, that the court had not authorized plaintiff's method of service of the motion papers (*see,* CPLR 5015 [a]) and thus had not obtained jurisdiction over him. Because the changes to the November 1989 judgment were at least in part substantive, plaintiff's motion is deemed a motion to vacate the judgment and is governed by CPLR 5015 (*see,* Siegel, NY Prac § 420, at 684 [3d ed]; *cf., Foley v Roche,* 68 AD2d 558, 566). CPLR 5015 (a) provides that such a motion shall be brought "with such notice as the court may direct." Thus, the motion should have been brought on by order to show cause (*see,* Siegel, NY Prac, *op. cit.,* § 426, at 693). Plaintiff's motion was not brought on pursuant to notice directed by the court and thus jurisdiction over defendant was not obtained.

We conclude that the court properly granted defendant's motion to vacate both the 1999 judgment and the amended judgment pursuant to CPLR 5015 (a) (1). The court did not abuse its discretion in determining that defendant demonstrated a reasonable excuse for the default by establishing that the court had not obtained jurisdiction over him (*see, Shouse v Lyons*, 265 AD2d 901, 902; *Brown v Baghdady*, 226 AD2d 1137). In addition, the court properly determined that defendant established a meritorious defense (*see, Shouse v Lyons, supra* at 902). Contrary to plaintiff's contention, neither a proposed answer nor an attorney's affidavit is required where, as here, defendant submits an affidavit on personal knowledge establishing a meritorious defense (*see, Frank v Martuge*, 285 AD2d 938, 939-940; *Olivetti Leasing Corp. v Mar-Mac Precision Corp.*, 117 Misc 2d 865, 868; *cf., Hilldun Corp. v Scarboro Textiles*, 73 AD2d 535; *Back v Stern*, 23 AD2d 837).

Our decision herein does not affect the Qualified Domestic Relations Order (QDRO). We note, however, that defendant at oral argument conceded that the QDRO obtained by plaintiff was proper. Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.