■ Melissa K. Matijiw et al., Respondents, v New York Central Mutual Fire Insurance Company, Appellant. (Appeal No. 2.) [740 NYS2d 177] —Appeal from a judgment of Supreme Court, Monroe County (Siracuse, J.), entered July 9, 2001, which awarded plaintiffs the sum of $605,216.29.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying that part of plaintiffs' cross motion seeking summary judgment and granting defendant's motion to compel disclosure and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs sustained injuries in an altercation with Rebecca Hilbert (Hilbert), who was insured under a homeowner's policy issued by defendant to her mother. Defendant disclaimed coverage based upon an exclusion in the policy for bodily injury that "is expected or intended by the insured." Hilbert thereafter pleaded guilty to assault in the second degree for recklessly causing serious physical injury to plaintiffs by means of a dangerous instrument (*see,* Penal Law § 120.05 [4]). Plaintiffs commenced an action against Hilbert and her mother to recover damages for their injuries. The complaint alleges that Hilbert acted "recklessly, negligently and unlawfully" in causing plaintiffs' injuries. Defendant denied the request of Hilbert and her mother to defend and indemnify them in the underlying personal injury action. Supreme Court granted plaintiffs' motion for partial summary judgment on liability in that action and, following an inquest on damages, awarded plaintiffs judgment in the amount of $525,000.

When defendant refused to satisfy the judgment, plaintiffs commenced the instant action pursuant to Insurance Law § 3420 (b). The court erred in granting that part of plaintiffs' cross motion seeking summary judgment on the ground that defendant is collaterally estopped from contesting whether the loss is within the policy coverage (*see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 423; *Potter v National Grange Mut. Ins. Co.* [appeal No. 3], 237 AD2d 889, *lv denied* 90 NY2d 804). Defendant conceded at oral argument that it breached its duty to defend and is bound by the damages determined by the trial court, however, the breach by defendant of its duty to defend does not create coverage, and "defendant is not precluded from demonstrating that the actual basis of the insured's liability to plaintiff[s] is such that the loss falls entirely within the policy exclusion" (*Robbins v Michigan Millers Mut. Ins. Co.,* 236 AD2d 769, 771). The evidence, however, fails to establish as a matter of law that plaintiffs' injuries were "expected or intended by the insured," and thus the court

properly denied defendant's motion for summary judgment dismissing the complaint (see, Allstate Ins. Co. v Zuk, 78 NY2d 41, 46; State Farm Mut. Auto. Ins. Co. v Van Dyke, 247 AD2d 848, 849; Aetna Cas. & Sur. Co. v Gigante, 229 AD2d 975, 976). We further conclude, however, that the court erred in denying defendant's motion to compel disclosure where, as here, plaintiffs' medical records may be probative on the issue of Hilbert's intent (see, Future Dev. Corp. v U.S. Underwriters Ins. Co., 234 AD2d 337, 338).

Defendant's contention that plaintiffs failed to comply with Insurance Law § 3420 (a) (2) before commencing this action, raised for the first time on appeal, is not properly before us (see, Catamount Enters. v Town of Lyons Assessors, 244 AD2d 913). The court's failure to rule on that part of plaintiffs' cross motion seeking attorney's fees is deemed a denial (see, Brown v U.S. Vanadium Corp., 198 AD2d 863, 864). Because plaintiffs did not cross-appeal from the judgment, their contention that they are entitled to attorney's fees is not properly before us (see, Oriskany Falls Fuel v Finger Lakes Gas Co., 186 AD2d 1021, 1022). In view of our decision, we do not address the parties' remaining contentions.

We therefore modify the judgment by denying that part of plaintiffs' cross motion seeking summary judgment and granting defendant's motion to compel disclosure. Present—Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.