■ MELISSA K. MATIJIW et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [792 NYS2d 742]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered April 1, 2004. The order, insofar as appealed from, denied the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in part and dismissing the claims for damages in excess of an aggregate amount of $300,000 and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action pursuant to Insurance Law § 3420 (b) (1) seeking judgment in the total amount of $525,000, the amount previously determined by Supreme Court to be owed to plaintiffs by defendant's insured. The court properly denied that part of defendant's cross motion for summary judgment dismissing the complaint inasmuch as there are material issues of fact whether plaintiffs' bodily injuries were "unexpected, unusual and unforeseen" from the standpoint of defendant's insured and thus whether defendant is obligated to provide coverage under its policy (*Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141, 145 [2000]). We, however, conclude that the court erred in denying that part of defendant's cross motion seeking dismissal of plaintiffs' claims for damages in excess of the applicable limit of coverage under the policy at issue (*see* Insurance Law § 3420 [a] [2]).

The court's failure to rule on that part of plaintiffs' motion seeking attorney's fees is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]). Plaintiffs failed to cross-appeal with respect to that part of the denial of their motion, however, and thus their present contention that they are entitled to attorney's fees is not properly before us (*see Oriskany Falls Fuel v Finger Lakes Gas Co.*, 186 AD2d 1021, 1022 [1992]).

We note in addition that defendant contends that the guilty plea of its insured to reckless assault and the judgment rendered in plaintiffs' favor in the underlying action do not estop defendant from litigating herein the issue whether its insured's actions were intentional. We previously agreed with defendant's contention in a prior appeal (*Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865 [2002]), and our determination in

that prior appeal is the law of the case (*see generally Gould v International Paper Co.*, 223 AD2d 964, 965 [1996], *lv denied* 88 NY2d 808 [1996]). We thus do not address that contention herein.

We have reviewed defendant's remaining contentions and conclude that none requires reversal or further modification of the order. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Hayes, JJ.