■ In the Matter of JASON W. LONGTON, JR., Respondent, v VILLAGE OF CORINTH et al., Appellants. [853 NYS2d 224]—

Lahtinen, J.

Petitioner was suspended from his position as a police officer with respondent Village of Corinth and, following a hearing, he was terminated. He commenced a CPLR article 78 proceeding seeking various relief and, in June 2006, Supreme Court granted the petition, annulled the resolution under which petitioner was terminated and remanded the matter for a new hearing. Such relief was granted because respondents had failed to make a proper record of the hearing. After Supreme Court had annulled and remanded the matter, petitioner sought to be reinstated and receive back pay pending the new hearing. Respondents refused, prompting this second CPLR article 78 proceeding. Respondents contended that Supreme Court had necessarily decided the issue of restoration and back pay against petitioner in the earlier proceeding. Supreme Court rejected this contention and granted the petition to the extent of awarding back pay subject to certain setoffs and continuing petitioner's pay until such time as he is either duly terminated or reinstated. Respondents appeal.

Respondents argue on appeal that since a request for back pay was included among the many requests for relief in the original petition and Supreme Court failed to address that issue in its June 2006 decision, such issue was necessarily decided

against petitioner. In support of this argument, respondents rely on the general proposition that a court's failure to rule on part of a motion "is deemed a denial of that part of the . . . motion" (*Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]; *see Love v New York State Thruway Auth.*, 17 AD3d 1000, 1002 [2005]; *Barrett v Huff*, 6 AD3d 1164, 1167-1168 [2004]). This general rule had its origin in cases involving the failure of a trial court to rule on a motion during trial (*see People v Bailey*, 58 NY2d 272, 275 [1983]; *Brenan v Moore-McCormack Lines*, 3 AD2d 1006, 1006 [1957]; *see also Motyl v Motyl*, 35 AD2d 1051, 1052 [1970]). The current case involves a CPLR article 78 proceeding where Supreme Court did not finally resolve the matter but sent it back for a new hearing on a proper record. There is no reason under such circumstances to consider all of the various issues that were not addressed (and which did not need to be addressed to provide the relief granted) to have been decided adversely to the party advancing such issues. Moreover, Supreme Court thereafter specifically explained that it had not considered the issue of back pay.

To the extent that respondents are still asserting that collateral estoppel applies, this assertion is without merit since the issue of back pay was neither decided nor essential to the decision in the first petition (*see e.g. Church v New York State Thruway Auth.*, 16 AD3d 808, 810-811 [2005]).

Cardona, P.J., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.