■ HANNAH MASLATI SAAD, Respondent, v JONATHAN SAAD, Appellant. [898 NYS2d 203]—

In a matrimonial action in which the parties were divorced by judgment dated August 9, 2000, the defendant appeals from an order of the Supreme Court, Kings County (Thomas, J.), dated July 3, 2008, which denied his motion to vacate a clerk's judgment dated August 8, 2001, entered in favor of the plaintiff and against him upon his failure to appear for oral argument of the plaintiff's motion to compel him to comply with the parties' stipulation of settlement, which was incorporated by reference into the parties' judgment of divorce.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to vacate the clerk's judgment dated August 8, 2001, is granted, and the clerk's judgment is vacated.

Domestic Relations Law § 244 provides that "[w]here a spouse in an action for divorce . . . defaults in paying any sum of money as required by the judgment or order . . . or as required by the terms of an agreement or stipulation incorporated by reference in a judgment, such direction shall be enforceable . . . The court shall make an order directing the entry of judgment for the amount of arrears of any other payments so directed . . . unless the defaulting party shows good cause for failure to make application for relief from the judgment or order . . . The application for such order shall be upon such notice to the spouse or other person as the court may direct" (Domestic Relations Law § 244). This language implicitly requires that such an application be brought by an order to show cause (*see Urban v Urban,* 90 AD2d 793, 794 [1982]; *Fishbach v Fishbach,* 4 Misc 2d 760 [1957]).

The plaintiff moved, by notice of motion, to compel the defendant to comply with the parties' stipulation of settlement, which was incorporated by reference into the judgment of divorce, pursuant to Domestic Relations Law § 244. The plaintiff served the notice of motion and accompanying affidavit on Harlan Greenberg, whom the plaintiff maintained represented the defendant during the uncontested divorce proceedings. A judgment was entered against the defendant upon his failure to appear for oral argument.

Had there been an application for an order to show cause, the court would have prescribed an appropriate method of service

reasonably calculated to give notice. Thus, the default might have been avoided (*see Urban v Urban*, 90 AD2d at 794). Accordingly, the defendant's motion to vacate the default judgment should have been granted (*id.*; *compare Hornok v Hornok*, 121 AD2d 937, 938 [1986]; *Silverman v Silverman*, 189 Misc 227, 229 [1947]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.