# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**212.2**
**CA 10-02057**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF COLONIAL SURETY
COMPANY, PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

LAKEVIEW ADVISORS, LLC, RESOLUTION
MANAGEMENT, LLC, RESPONDENTS-RESPONDENTS,
AND NATIONAL CREDIT ADJUSTERS, LLC, RESPONDENT.
(APPEAL NO. 2.)

---

UNDERBERG & KESSLER LLP, BUFFALO (EDWARD P. YANKELUNAS OF COUNSEL),
FOR PETITIONER-APPELLANT.

LAW OFFICE OF JOSEPH G. MAKOWSKI, LLC, BUFFALO (CARL STEINBRENNER OF
COUNSEL), FOR RESPONDENT-RESPONDENT LAKEVIEW ADVISORS, LLC.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (DENNIS C. VACCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT RESOLUTION MANAGEMENT, LLC.

-----------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (John A. Michalek, J.), entered September 16, 2010
in a proceeding pursuant to CPLR article 52. The order and judgment,
among other things, denied and dismissed the petition.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs, the petition is
reinstated and the matter is remitted to Supreme Court, Erie County,
for further proceedings in accordance with the following Memorandum:
Petitioner previously obtained a judgment against Paul W. O'Brien, the
manager and sole principal of respondent Lakeview Advisors, LLC
(Lakeview). Petitioner commenced this proceeding pursuant to CPLR
article 52 seeking to enforce that judgment with respect to, inter
alia, a debt owed to Lakeview by respondent Resolution Management, LLC
(Resolution), as well as Resolution's accounts receivable in which
Lakeview had a security interest. Petitioner contended that it was
entitled to pierce the corporate veil of Lakeview and thus to execute
its judgment upon Lakeview's interest in that property. In appeal No.
1, petitioner appeals from an order that, inter alia, directed
Resolution to pay the sum of $537,000 into an escrow account pending
resolution of the proceeding. In appeal No. 2, petitioner appeals
from an order and judgment that, inter alia, vacated the order in
appeal No. 1 and dismissed the petition.

Initially, we note that the appeal from the order in appeal No. 1

must be dismissed because the right to appeal from that intermediate order terminated upon the entry of the order and judgment in appeal No. 2 (*see Murphy v CSX Transp., Inc.* [appeal No. 1], 78 AD3d 1543; *Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435). The issues raised in appeal No. 1 will be considered upon the appeal from the order and judgment in appeal No. 2 (*see Matter of Aho*, 39 NY2d 241, 248).

We agree with petitioner that Supreme Court abused its discretion in dismissing the petition. By its order in appeal No. 1, the court pierced the corporate veil of Lakeview and concluded that it was the alter ego of O'Brien based, inter alia, upon the evidence in the record establishing that O'Brien was using Lakeview in an attempt to thwart petitioner's attempts to collect on its underlying judgment. Although respondents contend that we should determine that the court erred in piercing the corporate veil and in concluding that Lakeview was the alter ego of O'Brien, they did not take a cross appeal from that order and thus are not entitled to that affirmative relief (*see Reynhout v Hueston*, 70 AD3d 1409; *Millard v Alliance Laundry Sys., LLC*, 28 AD3d 1145, 1148; *Matijiw v New York Cent. Mut. Fire Ins. Co.*, 15 AD3d 875, 876; *see generally* CPLR 5515). Consequently, any issue concerning the court's having pierced the corporate veil is not before us. In its bench decision underlying the order and judgment in appeal No. 2, the court concluded, among other things, that it "would not be equitable" to permit petitioner to pursue money that Resolution owed to Lakeview because to do so would "prejudice creditors of Lakeview," i.e., six entities (hereafter, note holders) that allegedly loaned Lakeview the money that it in turn later loaned to Resolution. We agree with petitioner that, based on the evidence in the record and the court's determination of the credibility of the witnesses who testified at the hearing on the instant petition, the court abused its discretion in its balancing of the equities.

It is clear that the court has the authority under CPLR article 52 to consider the rights of other entities who may also have a claim to property or debts owed to a judgment creditor and, indeed, pursuant to CPLR 5225 (b) and 5227, "[t]he court may permit any adverse claimant to intervene in the [CPLR article 52] proceeding and may determine his [or her] rights in accordance with section 5239." In addition, "CPLR 5240 grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " (*Guardian Loan Co. v Early*, 47 NY2d 515, 519; *see Rondack Constr. Servs., Inc. v Kaatsbaan Intl. Dance Ctr., Inc.*, 13 NY3d 580, 585; *Matter of Stern v Hirsch*, 79 AD3d 1046). The statute "serves as an equitable safety valve which allows a court to restrain execution upon its judgment where unwarranted hardship would otherwise result. The decisional process invoked is the balancing of harm likely to result from execution, against the necessity of using that immediate means of attempted satisfaction" (*Seyfarth v Bi-County Elec. Corp.*, 73 Misc 2d 363, 365; *see Fiore v Oakwood Plaza Shopping Ctr., Inc.*, 178 AD2d 311, 312, *appeal dismissed* 80 NY2d 826). One of the factors that the court was required to consider was whether "the record supports the

[petitioner]'s contention that [respondents are] attempting to frustrate [petitioner]'s attempts to collect the money owed" to petitioner by O'Brien (*Putnam County Natl. Bank of Carmel v Pryschlak*, 226 AD2d 358, 358; *see Matter of AMEV Capital Corp. v Kirk*, 180 AD2d 791).

Here, we conclude that the court failed to consider petitioner's right to execute upon its judgment, failed to take proper consideration of respondents' efforts to prevent petitioner from collecting on its judgment, and reached its conclusion regarding the prejudice to the note holders in the absence of any compelling evidence that such prejudice exists. Although both O'Brien and Mark Bohn, the president of Resolution, testified at the hearing on the petition that the note holders would be damaged, their credibility was severely damaged by, among other things, the court's finding that one of O'Brien's affidavits was "inherently incredible," and the denial of O'Brien's request to discharge in bankruptcy the judgment underlying this proceeding on the ground that he provided false filings and testimony in the bankruptcy matter. Indeed, notably absent from the record is any testimony or evidence from the note holders establishing that Resolution in fact repurchased the original notes, what the terms of such a repurchase might have been, or how the note holders would be prejudiced by any default or delay in repayment of their loans. In addition, the substituted promissory notes that allegedly demonstrated that a repurchase of the loan occurred were not notarized, and they were undated with the exception of one dated approximately eight months before the repurchase transaction is alleged to have occurred. Based upon our review of the record as a whole, we conclude that the court erred in determining that the prejudice to the note holders outweighed petitioner's right to collect on its judgment.

Consequently, we reverse the order and judgment and reinstate the petition, and we remit the matter to Supreme Court for further proceedings, including a new hearing on the petition. The court may determine the rights of any claimant to the funds held in escrow upon the intervention of such party pursuant to CPLR 5225 (b) and 5227. We further direct that, pending the disposition of the petition, the second, third and sixth ordering paragraphs of the order of this Court dated November 5, 2010 shall continue to be in full force and effect unless modified by Supreme Court in accordance with our decision herein, and we expressly incorporate those ordering paragraphs into our order in appeal No. 2. We note that petitioner has made several motions in this Court seeking discovery with respect to Resolution's compliance with the conditions of the order of this Court dated November 5, 2010. We refer those matters to Supreme Court, to be resolved in conjunction with the further proceedings on the petition.

We have considered petitioner's remaining contentions and conclude that they are without merit, or are academic in light of our determination.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court