■ DONNA K. VANZANDT, Respondent, v GARY P. VANZANDT, Appellant. [931 NYS2d 774]—

Malone Jr., J.

In 2007, plaintiff commenced this action for divorce and sought equitable distribution of the parties' assets. Defendant did not appear at or participate in a subsequent inquest on the issue of equitable distribution, nor did he respond to the resulting proposed findings of fact and conclusions of law, in which Supreme Court (Stein, J.) found that defendant had received a pension from a former employer and awarded the money from that pension to defendant as part of his equitable share of the assets. A judgment of divorce was thereafter entered and equitable distribution was ordered. More than two years later, defendant moved to vacate the judgment of divorce, claiming that plaintiff had made material misrepresentations at the inquest regarding, among other things, the fact that he had received a pension (see CPLR 5015 [a] [3]). Plaintiff opposed the motion

and cross-moved for counsel fees. Finding that plaintiff had made misrepresentations regarding the existence of a pension, Supreme Court (Zwack, J.) granted defendant's motion to vacate that part of the judgment of divorce that distributed the marital assets, denied plaintiff's claim for counsel fees, and scheduled a second inquest on the issue of equitable distribution.

At the second inquest, plaintiff again testified that defendant had received a pension and produced the parties' joint tax returns for 1995 and 1997 that reflected such. Plaintiff thereafter moved to renew and/or reargue her opposition to defendant's motion to vacate the judgment of divorce. Supreme Court granted that motion and, upon reconsideration, found that plaintiff's newly submitted documentary evidence conclusively established that she had not made material misrepresentations at the original inquest, denied defendant's motion to vacate and awarded plaintiff counsel fees.* Defendant appeals.

Initially, we generally decline to disturb a court's decision to deny or grant a motion to renew and, here, we find that plaintiff's explanation for not submitting the tax returns and other documentary evidence at the time of her original opposition to defendant's motion was reasonable and provided Supreme Court with an adequate basis upon which it could exercise its discretion (*see First Union National Bank v Williams*, 45 AD3d 1029, 1030 [2007]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]).

Next, we are unpersuaded by defendant's contentions that Supreme Court erred by denying his motion to vacate the equitable distribution portion of the judgment of divorce because plaintiff intentionally made material representations at the original inquest. A trial court may relieve a party from the terms of a judgment on the grounds of fraud or misrepresentation (*see* CPLR 5015 [a] [3]), but the decision to grant such motion rests in the trial court's discretion (*see Solomon v Solomon*, 27 AD3d 988, 989 [2006]), and we find no abuse of such discretion here. Although defendant identified a number of issues about which he claimed plaintiff made patently false statements at the original inquest, including the existence of a certain pension, the record belies his contentions. Notably, at the original inquest, plaintiff testified that she believed that defendant had received a pension only from a certain former employer and that she thought that the money had already been spent by defendant. The documentary evidence she produced at the second

---

* Although plaintiff's motion was labeled one to renew and/or reargue her opposition to defendant's motion to vacate, Supreme Court treated the motion solely as one to renew and, thus, we will likewise consider the motion as such.

inquest verified that not only had defendant received a retirement benefit from that employer, but that during the marriage, he had received or cashed out retirement benefits from other employers as well.

Documents in the record also disprove defendant's claims that plaintiff misrepresented the value of her own pension by $10,000, lied about the value of his lottery winnings, and lied about the value of his disability payments and Social Security income. Finally, defendant's bare and conclusory assertions regarding the amount of income he receives from rental properties are insufficient to establish that plaintiff fraudulently misrepresented these amounts at the inquest (*see Shultis v Reichel-Shultis*, 1 AD3d 876, 877-878 [2003]). Under these circumstances, Supreme Court did not abuse its discretion by denying defendant's motion to vacate the equitable distribution portion of the judgment of divorce (*see Solomon v Solomon*, 27 AD3d at 990; *Molesky v Molesky*, 255 AD2d 821, 822 [1998]).

To the extent not specifically addressed, defendant's remaining contentions, including his claim that Supreme Court abused its discretion in awarding counsel fees to plaintiff, have been considered and found to be unpersuasive.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.