# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**652**

**CA 12-02244**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

SCOTT J. PIATT, PA, INDIVIDUALLY, AND SCOTT J.
PIATT, DOING BUSINESS AS AESTHETIC SOLUTIONS
AND SUMMIT HEALTHCARE, PLAINTIFF-RESPONDENT,

                V                            MEMORANDUM AND ORDER

ROSS A. HORSLEY, M.D., DEFENDANT,
AND PAUL B. KIRSCH, M.D., DEFENDANT-APPELLANT.

---

SHANE & REISNER, LLP, ALLEGANY (JEFFREY P. REISNER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

AMIGONE SANCHEZ & MATTREY, LLP, BUFFALO (JACK M. SANCHEZ OF COUNSEL),
AND JAMES F. ALLEN, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered February 10, 2012. The order,
insofar as appealed from, denied that part of the motion of defendant
Paul B. Kirsch, M.D., to vacate a default judgment.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed in the exercise of discretion without costs and
that part of the motion seeking vacatur of the judgment entered August
6, 2010 is granted upon condition that defendant Paul B. Kirsch, M.D.
shall serve an answer within 20 days of service of a copy of the order
of this Court with notice of entry.

Memorandum: Paul B. Kirsch, M.D. (defendant), as limited by his
brief, appeals from an order denying that part of his motion seeking
to vacate the default judgment entered against him. At the outset, we
note that Supreme Court's failure to rule on that part of the motion
seeking dismissal of the complaint against defendant is deemed a
denial thereof (*see Matijiw v New York Cent. Mut. Fire Ins. Co.*, 15
AD3d 875, 876; *Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864). As
noted, however, defendant's brief is limited to that part of his
motion seeking to vacate the default judgment. On the merits, we
agree with plaintiff that defendant failed to establish that he did
not receive actual notice of the summons and complaint as required by
CPLR 317, and that defendant failed to establish a reasonable excuse
for his default under CPLR 5015 (a) (1). Nevertheless, under the
circumstances of this case, we exercise our broad discretionary power
to vacate the default judgment (*see Woodson v Mendon Leasing Corp.*,
100 NY2d 62, 68; *Matter of County of Ontario [Middlebrook]*, 59 AD3d
1065, 1065). The court granted a default judgment on the first,

fourth and fifth causes of action sounding in, respectively, conspiracy and conversion, breach of an employment agreement, and fraud and defamation.  The court also awarded damages of $250,000, $953,011.44 and $1,000,000, respectively, on those causes of action. First, with respect to the first cause of action, we note that "New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (*Matter of Hoge [Select Fabricators, Inc.]*, 96 AD3d 1398, 1400 [internal quotation marks omitted]). Second, we question the reasonableness of the court's award of damages, particularly in light of the fact that the record does not reflect how the court determined those awards.  Third, given the lack of detail in the complaint (*see generally* CPLR 3016 [a], [b]), we also question plaintiff's entitlement to judgment with respect to the alleged fraud and defamation.  We therefore exercise our "inherent authority to vacate the default judgment 'for sufficient reason and in the interests of substantial justice' " (*Middlebrook*, 59 AD3d at 1065, quoting *Woodson*, 100 NY2d at 68), and we grant that part of defendant's motion seeking to vacate the default judgment entered against him upon condition that he shall serve an answer within 20 days of service of a copy of the order of this Court with notice of entry.

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court