# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

846

CA 12-02373

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND PERADOTTO, JJ.

---

JONATHAN ABBOTT, PLAINTIFF-RESPONDENT,

V                                     MEMORANDUM AND ORDER

CROWN MILL RESTORATION DEVELOPMENT, LLC,
DEFENDANT-APPELLANT.
(APPEAL NO. 3.)

---

CERIO LAW OFFICES, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR
DEFENDANT-APPELLANT.

KENNY & KENNY, PLLC, SYRACUSE (JUSTIN D. HOWLAND OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered August 29, 2012.  The order, insofar
as appealed from, denied the motion of defendant to vacate the
judgment and dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified in the exercise of discretion by granting the
motion in part and vacating the default judgment only insofar as it
awarded damages in a specified amount and as modified the order is
affirmed without costs and the matter is remitted to Supreme Court,
Onondaga County, for a new assessment of damages in accordance with
the following Memorandum:  The plaintiff in appeal Nos. 1 through 3
commenced a Labor Law and common-law negligence action (underlying
action) against Crown Mill Restoration Development, LLC (Crown Mill),
a defendant in appeal Nos. 1 and 2 and the defendant in appeal No. 3,
seeking damages for injuries he allegedly sustained when he fell from
a ladder while working on premises owned by Crown Mill.  After Crown
Mill failed to appear at a damages inquest, Supreme Court entered a
default judgment against Crown Mill.  Plaintiff thereafter commenced
an action seeking to enforce the judgment against the defendants in
appeal Nos. 1 and 2 (hereafter, defendants), including Crown Mill's
owner, Vito William Lucchetti, Jr., and various other entities owned
by Lucchetti, based upon a theory of piercing the corporate veil
(enforcement action).  Defendants moved to dismiss the amended
complaint in the enforcement action for failure to state a cause of
action, contending that the exclusivity provisions of the Workers'
Compensation Law precluded recovery against them, and they sought to
stay discovery pending the determination of the motion.  Crown Mill
thereafter moved to vacate the default judgment in the underlying
action, contending, inter alia, that it had a reasonable excuse for

its default, i.e., law office failure, and several meritorious defenses, including that the Workers' Compensation Law barred recovery against it.  In appeal No. 1, defendants appeal from an order that, inter alia, denied their motion to dismiss the amended complaint in the enforcement action except as to defendant Marcellus Group, LLC and, in appeal No. 2, they appeal from an order denying their motion for a stay of discovery and for a protective order in the same action. In appeal No. 3, Crown Mill appeals from an order that, inter alia, denied its motion to vacate the default judgment and to dismiss the amended complaint in the underlying action.

Addressing first appeal No. 3, we conclude that the court properly denied Crown Mill's motion insofar as it sought to vacate the default judgment pursuant to CPLR 5015 (a) (1) because Crown Mill failed to establish a reasonable excuse for its default (*see generally Matter of County of Livingston [Mort]*, 101 AD3d 1755, 1755, *lv denied* 20 NY3d 862; *Fremming v Niedzialowski*, 93 AD3d 1336, 1336).  Although "[t]he determination whether an excuse is reasonable lies within the sound discretion of the motion court" (*Lauer v City of Buffalo*, 53 AD3d 213, 217; *see Diaz v Diaz*, 71 AD3d 947, 948) and the court may under appropriate circumstances accept law office failure as a reasonable excuse for a default (*see Lauer*, 53 AD3d at 217; *Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.*, 37 AD3d 673, 673-674; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761), a pattern of willful default or neglect should not be excused as law office failure (*see Santiago v New York City Health & Hosp. Corp.*, 10 AD3d 393, 394; *Shouse v Lyons*, 265 AD2d 901, 902; *see also Edwards v Feliz*, 28 AD3d 512, 513).  Further, a party's failure to retain counsel when provided sufficient time in which to do so does not constitute a reasonable excuse for a default (*see Diaz*, 71 AD3d at 948; *City of New York v Simmonds*, 172 AD2d 1081, 1081; *Mauro v Mauro*, 148 AD2d 684, 685).

Here, the damages inquest was initially scheduled for March 2008, and then adjourned to July 2008.  On the day before the scheduled inquest, Crown Mill filed a chapter 7 bankruptcy petition, thus automatically staying the underlying action.  Plaintiff, the court, and Crown Mill's own attorneys, who did not represent Crown Mill with respect to the bankruptcy and were named as creditors, were not advised of the petition until the morning of the inquest.  After the bankruptcy petition was dismissed in December 2008 based on Crown Mill's failure to cooperate with the bankruptcy trustee, Crown Mill's attorneys sought permission to withdraw as counsel based upon a conflict of interest, i.e., Crown Mill's failure to pay for legal services rendered.  The court granted the motion on Crown Mill's default, providing in its order that Crown Mill had 30 days from the date of service of the order with notice of entry within which to obtain new counsel and to notify the court thereof.  During the nearly five months between the order relieving its attorneys and the rescheduled inquest date, Crown Mill did not communicate with the court regarding any attempt to retain new counsel, nor did it seek an adjournment of the inquest date (*cf. Russo v Tolchin*, 35 AD3d 431, 435).  Rather, Lucchetti met with an attorney two business days before the inquest to discuss her possible representation of Crown Mill at

the inquest.  According to Lucchetti, Crown Mill's former attorneys told him that the inquest was scheduled for September 23, 2009 when in fact the scheduled date was two days earlier, although nothing in the record substantiates that assertion, and the court in its written decision indicated that its file contains no notation of an appearance in court on that date (*see Morris v Metropolitan Transp. Auth.*, 191 AD2d 682, 683; *cf. Hageman*, 25 AD3d at 761).  Notably, Crown Mill waited until January 2012, more than two years after its default and 11 months after service of the judgment, to seek to vacate the default (*see Marrero v Crystal Nails*, 77 AD3d 798, 799; *Shouse*, 265 AD2d at 902; *cf. Russo*, 35 AD3d at 435).  Moreover, as the court noted, Crown Mill's failure to appear at the inquest was not an isolated incident but, rather, such failure was the continuation of a lengthy pattern of delay and neglect (*see e.g. Marrero*, 77 AD3d at 799; *Bennett v Nardone*, 276 AD2d 854, 855, *lv dismissed* 96 NY2d 754; *cf. Montefiore*, 37 AD3d at 673).  We thus conclude that the court providently exercised its discretion in determining that Crown Mill failed to provide a reasonable excuse for its default (*see Shouse*, 265 AD2d at 902).  Because Crown Mill failed to establish a reasonable excuse for the default, we need not determine whether it had a potentially meritorious defense to the underlying action (*see Fremming*, 93 AD3d at 1336-1337; *Diaz*, 71 AD3d at 948).

We further conclude that the court properly denied Crown Mill's motion insofar as it sought to vacate the default judgment pursuant to CPLR 5015 (a) (3), on the grounds of fraud or misrepresentation (*see generally Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68; *VanZandt v VanZandt*, 88 AD3d 1232, 1233).  Crown Mill failed to meet its burden of establishing fraud, misrepresentation, or other misconduct on the part of plaintiff sufficient to entitle it to vacatur of the judgment (*see U.S. Bank N.A. v Allen*, 102 AD3d 955, 955; *Matter of Shere L. v Odell H.*, 303 AD2d 1023, 1024; *see generally VanZandt*, 88 AD3d at 1233).

Under the circumstances of this case and "in the interests of substantial justice" (*Woodson*, 100 NY2d at 68), however, we deem it appropriate to exercise "our broad discretionary power" to grant in part the motion to vacate the default judgment only insofar as it awarded damages in a specified amount and to remit the matter to Supreme Court for a new assessment of damages following an inquest (*Piatt v Horsley*, 108 AD3d 1188, 1189; *see Quigley v Coco's Water Café, Inc.*, 43 AD3d 1132, 1133; *Monette v Bonsall*, 29 AD2d 839, 840).  We agree with Crown Mill that the additional evidence it presented in support of its motion raised an issue whether the damages awarded to plaintiff after the inquest were excessive (*see Quigley*, 43 AD3d at 1133).  We therefore modify the order in appeal No. 3 accordingly, and we remit the matter to Supreme Court for a new assessment of damages following an inquest before a different justice (*see generally id.*; *Monette*, 29 AD2d at 840).

Turning next to appeal No. 1, we conclude that the appeal must be dismissed.  The amended complaint seeks judgment against defendants in the amount of the judgment in the underlying action against Crown Mill

based upon a theory of piercing the corporate veil and, based on our determination in appeal No. 3, the award of damages in that specified amount is vacated and the matter is remitted for a new assessment of damages. In the interest of judicial economy, however, we note that the court properly denied defendants' motion, with the exception of one defendant, seeking to dismiss the amended complaint in the enforcement action for failure to state a cause of action. It is well settled that, "[w]hen reviewing a motion to dismiss pursuant to CPLR 3211, we must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiff[] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*10 Ellicott Sq. Ct. Corp. v Violet Realty, Inc.*, 81 AD3d 1366, 1367, *lv denied* 17 NY3d 704; *see Williams v Beemiller, Inc.*, 100 AD3d 143, 148, *amended on rearg* 103 AD3d 1191). "A plaintiff seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff . . . Factors to be considered in determining whether [a corporation] has abused [that] privilege . . . include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (*McCloud v Bettcher Indus., Inc.*, 90 AD3d 1680, 1681 [internal quotation marks omitted]). " 'A decision to pierce the corporate veil is a fact-laden decision' " (*Dromgoole v T-Foots, Inc.*, 309 AD2d 1186, 1187).

Here, plaintiff alleged, inter alia, that defendants Marcellus Group, LLC (Marcellus Group), Marcellus Group Construction, LLC (Marcellus Construction), Ja Spa, LLC (Ja Spa) and Crown Mill are solely owned by Lucchetti; that Lucchetti was chief executive officer, chairman of the board of directors, president, principal executive officer, principal accounting and financial officer, and 92% shareholder of defendant MacReport.Net, Inc. (MacReport); and that Crown Mill, Marcellus Group, Marcellus Construction, Ja Spa, MacReport, and defendants Sono Pizza & Pasta Factory, Inc. (Sono Pizza) and MacReport.Net Media Publishing, Inc. (Mac Media) shared administrative offices and utilized common equipment, and that the same employees performed clerical, administrative, accounting and executive duties for all the corporations. Plaintiff further alleged that Lucchetti (1) failed to adhere to corporate formalities, failed to keep adequate records concerning governance and financial accounting, and failed to retain sufficient earnings from corporate operations to meet financial obligations before distributing those earnings to himself; (2) "completely dominated" and intentionally undercapitalized Crown Mill; and (3) conducted the business of Crown Mill "in disregard of its formalities in a manner that suited [his] own personal convenience." We conclude that plaintiff's allegations are sufficient to survive a CPLR 3211 motion (*see generally Williams*, 100 AD3d at 148; *10 Ellicott Sq. Ct. Corp.*, 81 AD3d at 1367).

Finally, with respect to appeal No. 2, defendants sought an automatic stay of discovery or a protective order staying discovery pending determination of their motion to dismiss the enforcement

action.  The court ruled on defendants' motion, and thus the appeal from the order denying the requested relief must be dismissed as moot (*see generally Tennant v Bristol Labs., Div. of Bristol-Myers Co.*, 155 AD2d 936, 936).