■ Sui-Hsu Hsieh, Respondent, v Yen-Tung Teng, Also Known as Andy Teng, Appellant. [68 NYS3d 256]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 20, 2016. The order denied the motion of defendant to, inter alia, vacate a judgment of divorce with respect to the division of assets and his obligation to pay maintenance and child support.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Pursuant to a judgment of divorce entered in 2008, defendant husband was ordered to pay plaintiff wife a distributive award, maintenance, and child support. Shortly thereafter, defendant relocated to Taiwan and failed to comply with the judgment or with subsequent judgments ordering him to pay money to plaintiff. According to defendant, he learned in early 2016 that, during the marriage, plaintiff acquired property in Taiwan that she failed to disclose in her statement of net worth. As a result, in August 2016, defendant moved, inter alia, to vacate the judgment of divorce regarding the division of assets and his obligation to pay maintenance and child support.

Supreme Court did not abuse its discretion in denying the motion based on the doctrine of unclean hands. "A trial court may relieve a party from the terms of a judgment [of divorce] on the grounds of fraud or misrepresentation (*see* CPLR 5015 [a] [3]), but the decision to grant such motion rests in the trial court's discretion" (*VanZandt v VanZandt*, 88 AD3d 1232, 1233 [3d Dept 2011]). The doctrine of unclean hands is an equitable defense and is applicable to the equitable relief sought by defendant, i.e., vacatur of the equitable distribution, maintenance, and child support provisions of the judgment of divorce (*see generally Wells Fargo Bank v Hodge*, 92 AD3d 775, 776 [2d Dept 2012], *lv dismissed* 23 NY3d 1012 [2014]). We reject defendant's contention that the doctrine of unclean hands is not applicable or that there is an exception where there is a fraud perpetrated on the court; the federal cases cited by defendant do not support that proposition.

Defendant contends in the alternative that the court erred in denying his motion based on the doctrine of unclean hands because his misconduct was not directly related to the subject matter of the litigation (*see Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 316 [1956]; *Welch v Di Blasi*, 289 AD2d 964, 965 [4th Dept 2001]). We reject that contention. Specifically, defendant did not comply with any of the monetary provisions of the judgment of divorce; he did not pay the spousal support, distributive award, arrears, child support, or 50% of the children's college-related expenses. His motion sought to vacate the provisions of the judgment of divorce pertaining to equitable distribution, maintenance, and child support, all of which are components of the subject matter of the litigation (*cf. Agati v Agati*, 92 AD2d 737, 737-738 [4th Dept 1983], *affd* 59 NY2d 830 [1983]). We therefore perceive no abuse of discretion by the court in denying the motion based on the doctrine of unclean hands. Present—Whalen, P.J., Centra, DeJoseph and NeMoyer, JJ.