Matter of Wallace v Bujanow (2019 NY Slip Op 07229)





Matter of Wallace v Bujanow


2019 NY Slip Op 07229


Decided on October 09, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 09, 2019

530025

[*1]In the Matter of Mary Beth Wallace et al., Appellants,
v
Peter Bujanow et al., Respondents, et al., Respondent.

Calendar Date: October 8, 2019

Before: Garry, P.J., Clark, Mulvey and Aarons, JJ.


William J. Better, PC, Kinderhook (John Ciampoli of Sinnreich, Kosakoff & Messina LLP, Central Islip, of counsel), for appellants.
Wapner, Koplovitz & Futerfas, PLLC, Kingston (Joshua N. Koplovitz of counsel), for Peter Bujanow and others, respondents.



Per Curiam.
Appeals (1) from an order of the Supreme Court (Zwack, J.), entered June 4, 2019 in Columbia County, which, in a proceeding pursuant to Election Law § 16-102, granted certain respondents' motion to dismiss the petition, and (2) from an order of said court, entered August 23, 2019 in Columbia County, which, upon reargument, adhered to its prior decision.
Following the Democratic Party caucus for the Town of Kinderhook, Columbia County, the party, in April 2019, filed a certificate of nomination naming respondents Peter Bujanow, Kimberly Pinkowski, David Dellehunt, Mark Leinung and William Mancini as its candidates for various public offices in the November 5, 2019 general election. Petitioners thereafter commenced this proceeding in April 2019 by notice of petition and verified petition, seeking, among other things, that the certificate of nomination be invalidated, and that the names of the candidates be removed from the general election ballot. Bujanow, Pinkowski, Dellehunt, Leinung, Mancini, the presiding officer of the Kinderhook Town Caucus of the Democratic Party and its secretary (hereinafter collectively referred to as respondents) moved to dismiss the verified petition, arguing that Supreme Court lacked jurisdiction because Election Law § 16-116 mandated that such a proceeding be commenced by an order to show cause. In a June 2019 order, Supreme Court granted respondents' motion. One month later, petitioners moved for reargument. In an August 2019 order, Supreme Court granted reargument and, upon reargument, adhered to its original decision. These appeals by petitioners ensued.
A special proceeding under Election Law article 16 to invalidate a certificate of nomination "shall be heard upon a verified petition and such oral or written proof as may be offered, and upon such notice to such officers, persons or committees as the court or justice shall direct, and shall be summarily determined" (Election Law § 16-116 [emphasis added]). We note that Election Law § 16-116 contemplates the use of an order to show cause to commence a proceeding, but it does not explicitly require it. The statute, however, does give the court discretion to determine the method of service (see Wong v Wong, 213 AD2d 399, 400 [1995]). Indeed, cases interpreting other statutes with similar language have found that an order to show cause is necessary (see e.g. Saad v Saad, 71 AD3d 1116, 1116 [2010]; Smith v Smith, 291 AD2d 828, 828 [2002]).
For Supreme Court to have acquired jurisdiction, petitioners were required to seek and obtain a directive from a justice or the court as to how respondents were to be notified of such proceeding.[FN1] The record is devoid of any court directive regarding how respondents were to be given notice of this proceeding. As such, we cannot say that service here by notice of petition was proper. In the absence of the required court directive and compliance therewith, Supreme Court's jurisdiction was lacking (see Matter of Millar v Tolly, 252 AD2d 872, 873 [1998]; but see Matter of Lamb v Gada, 1 AD2d 954 [1956]).[FN2] Accordingly, Supreme Court correctly granted the motion to dismiss, as well as adhered to its original decision upon reargument.[FN3]
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: In addition to setting service requirements, seeking and obtaining a court directive serves the important function of apprising the court of the expedited proceeding.

Footnote 2: Even though the record reflects that respondents were served with the verified petition in accordance with various provisions of CPLR 308, the fact that they received actual notice does not suffice to confer jurisdiction (see Macchia v Russo, 67 NY2d 592, 595 [1986]).

Footnote 3: To the extent that petitioners sought renewal, this branch of the motion was correctly denied given that petitioners failed to submit any newly discovered evidence in connection with their motion (see Matter of Ballard v Yelich, 164 AD3d 1552, 1552 [2018]).